## STATE *versus* FAIRFIELD.

An agent duly authorized to sell intoxicating liquors under c. 211, of the Acts of 1851, whose agency continued after c. 48 of the Acts of 1853 took effect, is subject to the limitations prescribed by the latter Act.

Such agent, for selling intoxicating liquors to a minor, knowing him to be such, without the *written* order of his parent or guardian, after the Act of 1853 took effect, is liable to the penalty therein imposed.

*Delivery* of the article is sufficient evidence of the *sale.*

Nor will it be a defence, that the liquor was sent for with the money, by a third person, to whom it might lawfully have been sold, and that the agent was so informed when he delivered it to the minor.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.
COMPLAINT.

The defendant was accused of selling a pint of spirituous liquor to a minor, knowing him to be such, and the case came up by appeal from the judgment of a magistrate.

The defendant appeared to be an agent duly authorized to sell intoxicating liquors in the town of Vassalboro', for one year from May 2, 1853; and in July of that year was called on by a minor for a pint of rum for his brother, who was twenty-three years of age, who complained of a pain in his side. The minor informed defendant that his brother wanted it, and handed the money, which was sent by him, and received the liquor.

The defendant's counsel requested the Judge to instruct the jury that the government having shown that the defendant was an agent to sell according to the provisions of the Act of 1851, and that he received his appointment prior to the time when the Act of 1853 went into effect, the prohibition in the latter Act against selling to minors did not apply to. him; also that the proof did not show a sale to the minor, and did not sustain the allegation.

But the Judge declined so to instruct, and ruled that the Act of 1853 did apply to the defendant, in its prohibition against selling to minors, as fully as if his license or appointment had been granted since the Act of 1853 went into operation; and that the Act of 1853 prohibited the

sale of intoxicating liquors to a minor, by the agent, knowing him to be such, without the written order of his parent, master or guardian, although the article was sent for by and purchased for another person, the money of this other person paid over, and the agent informed for whom the purchase was made.

The jury returned a verdict against the defendant.

*Bradbury* and *Morrill*, in support of the exceptions.

*Vose, County Attorney, contra.*

Cutting, J. — It is contended, that the defendant, having been appointed agent under the Act of 1851, and given the statute bond, has thereby acquired a vested right, which could not be impaired by the law of 1853, prohibiting agents from selling to minors intoxicating liquors, so long as his license continued. With equal propriety it may be argued, that all laws are *ex post facto* which prohibit the sale of liquors purchased previous to their passage. A vendee has made an investment relying upon the stability of existing laws, but every year a new statute throws further impediments in his way, curtailing his rights; but no one as yet, for that cause, has seen fit in his behalf to broach the constitutional question, although the argument in this case would seem to be approximating towards it.

Section 8 of the Act of 1853 provides, that the agent "shall not sell any such liquors to any minor, or servant, or apprentice, knowing them to be such, without the written order of the parent, guardian or master of such person." And it is urged, that the evidence discloses no sale, but only a delivery to the minor. But by § 9, a delivery is made "sufficient evidence of sale." Besides, the statute contemplates, that the verbal request of a minor shall be disregarded by the agent, otherwise the prohibition might be evaded with impunity.                   *Exceptions overruled and*
                         *Judgment on the verdict.*

Shepley, C. J., and Tenney and Appleton, J. J., concurred.