No. 9549.

## KLEIN *v.* THE STATE.

LIQUOR LAW.—*Sale Without License.—Indictment.—Evidence.—Quantity Sold.*—Where an indictment for retailing intoxicating liquor without a license charged that the defendant unlawfully sold "one gill, and no more, of intoxicating liquor, to * * , for the price of five cents," such liquor so sold "being a quantity less than one quart," evidence that he. sold such liquor to one for several persons who drank it in glasses holding a pint each, and that several gallons were thus drank, defendant being paid therefor by the purchaser whatever he asked, is sufficient to sustain a conviction; such evidence shows a series of sales in quantities less than a quart at a time.

SAME.—*Immaterial Averment.*—In such case the *gravamen* of the offence. is the sale of intoxicating liquor in a less quantity than a quart, and the averment that the quantity sold was "one gill, and no more," in the connection in which it was made, was immaterial, and did not limit the proof to that precise quantity.

From the Lake Circuit Court.

*C. N. Morton*, for appellant.

*D. P. Baldwin*, Attorney General, *W. W. Thornton* and *J. B. Peterson*, Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution for retailing intoxicating liquor without license. The indictment charged that Matthias Klein, the appellant, "on the 15th day of October, A. D. 1880, at," etc., "did then and there unlawfully sell one gill, and no more, of intoxicating liquor, to one John Brown, at and for the price of five cents, said intoxicating liquor so sold then and there being a quantity less than one quart," etc.

Upon the trial, John Brown, the prosecuting witness, testified as follows: "I am acquainted with the defendant, Matthias Klein. Some time in October, 1880, in the county of Lake and State of Indiana, I was at the defendant's place of business, on an electioneering tour, and purchased some intoxicating liquors of him, in this way: I told him to set up the beer for the crowd, which he did. There must have been fifteen or twenty persons, who drank or smoked as

they wished. I presume they drank two or three gallons of beer, for which I paid him, the defendant, whatever he asked; I do not recollect how much it was. There was nothing said as to whether I bought it by the glass, quart or gallon; it was all one purchase. I never bought any intoxicating liquor of him but once. The beer was drawn by the defendant, from a keg, in beer glasses holding a pint each, and each person present, together with myself, drank one glass. The beer was intoxicating."

This was all the evidence given in the cause, and upon this evidence the court found the defendant guilty as charged, and, over a motion for a new trial, challenging the sufficiency of the evidence, rendered a judgment against him in accordance with its finding.

The appellant insists that the evidence did not sustain the finding of the court; that it established but one sale of beer to Brown, and showed that to have been of a quantity much greater than a quart.

We can not agree to that construction of the evidence. The circumstances under which the sale was made entitled the appellant to charge Brown for each glass of beer furnished at the time at his request, and the fair inference, consequently, is, that Brown paid the appellant an aggregate sum made up of the price for each glass. The evidence must therefore be construed as having shown a series of sales to Brown of intoxicating liquor in quantities less than a quart at a time, each sale being a violation of the statute prohibiting such sales without a license authorizing the vendor to sell by retail.

But the appellant further insists that the charge in the indictment, that the sale was of one gill of intoxicating liquor, *and no more*, because descriptive of the offence charged, and that, as the evidence showed a sale in pint glasses, each glass containing a pint of beer, there was a fatal variance between the offence charged in the indictment and the one proved upon the trial.

The *gravamen* of the unlawful act charged was the sale of intoxicating liquor in a less quantity than a quart. The averment, therefore, that the amount sold was one gill *and no more*, was, in the connection in which it was made, an immaterial averment, and did not limit the proof to that precise quantity. The finding appears to us to have been sustained by sufficient evidence.

The judgment is affirmed, with costs.