———o———

| 68 | 487 |
| 71 | 552 |

## THE PEOPLE v. JAMES GARRETT.

*Criminal law—Intoxicating liquors—Sale or delivery to minor.*

A majority of the Court hold that every sale of intoxicating liquor, where the *delivery* is to one *known* to be a minor, comes within the prohibition of the statute, and that no such liquor can be furnished where a minor is to receive it, whether intended for himself or not, without a violation of the statute, which in their view covers every dealing in which a minor has the liquor delivered to him.

Exceptions before judgment from Eaton. (Hooker, J.) Argued January 26, 1888. Decided February 2, 1888.

Respondent was convicted of furnishing liquor to minor. Conviction affirmed, and court directed to proceed to judgment. The facts are stated in the opinion.

*Dean & McCall,* for respondent.

*Moses Taggart,* Attorney General, and *J. M. C. Smith,* prosecuting attorney, for the People.

MORSE, J. My reasons for affirming the conviction in this case are these:

The undisputed facts are that the defendant sold, gave, and furnished to a boy 14 years old a bottle of beer, which the boy with other boys afterwards drank. The order for

the beer, which purported to be signed by one William F. Mayer, cuts no figure in the case. The defendant knew the boy was a minor, and gave him the liquor. The intent is plain from this fact. There, then, could be no mistake about the boy's age. It cannot be considered that the defendant supposed the boy was 21.

The statute is not only aimed at the selling, but prohibits also, the giving or furnishing, of liquor as a beverage to a minor. The defendant must have known that the boy might taste or drink of the beer before he got across the street if he so desired. It must be held that the Legislature intended to prevent the delivering of liquor to children; that they should "touch not, taste not, handle not." It is not an uncommon thing in cities for parents and others to send children of tender years into dram-shops after liquor. It makes no difference in my opinion, under the law, whether the liquor thus procured is to be used by the adults or the children. It is within the statute, which prohibits the sale, giving, or furnishing of liquor to minors.

Any other holding must subject children to the temptations that surround and abound in the saloons, without remedy. The present case is a good illustration of the results that would necessarily follow a refusal of this Court to affirm the conviction of this defendant.

One, Bill Badger, the boy says, gave him this order. Mayer, whose name was signed to it, and who had before sent to the defendant's place for liquor, never saw the order, and did not authorize it. The boy, on this forged order, with money given him by another boy, gets a bottle of beer of the defendant, and he and the other boys drink it up. We ought not to acquit the defendant of a violation of this statute, and thus encourage transactions of this kind. The only safe rule is to hold that a child cannot be made an agent to purchase or get liquor. And this I think is the plain intent of the law.

SHERWOOD, C. J., CHAMPLIN and LONG, JJ., concurred.

CAMPBELL, J. (*dissenting*). Respondent was complained of and convicted for furnishing liquor to a minor. A boy came to his place of business with a written order from a grown-up person in these words:

"Please let the boy have one bottle of beer, and oblige.
"WILLIAM F. MAYER."

He asked the lad if the beer was for Mr. Mayer, and he answered it was. He thereupon sold him the bottle. Defendant testified that he had frequently sold and sent beer to Mr. Mayer, who was in the habit of sending for it, and supposed he had done so in this case. The order was not signed by Mayer in fact, and the boy really wanted the beer for himself. It was written and given the boy by another person.

The court charged the jury that they should find defendant guilty on the facts, and that it made no difference that he acted honestly, without criminal intent, and that the sale should be regarded as one made to the boy, and therefore within the statute against sales to minors.

A majority of the Court think that every sale where the delivery is to one known to be a minor comes within the law, and that no intoxicating liquor can be furnished where a minor is to receive it, whether intended for himself or not, without a violation of the statute, which in their view covers every dealing in which a minor has the liquor delivered to him. The statute declares it unlawful—

"To sell, furnish to, or give any spirituous, malt, brewed, fermented, or vinous liquors to any minor," etc. Laws of 1881, p. 351, § 2.

The same section goes on to provide as follows:

"The fact of selling, giving, or furnishing any of said liquors to any minor shall be a *prima facie* presumption of an intent on the part of the person so selling, giving, or furnishing such liquor to violate the law."

I do not myself think that any criminal statute can be

fairly construed as including acts done with a reasonable and honest belief that the facts are not such as are specified in the law. It is a principle which is practically universal that there must be a criminal mind to make a crime. It is quite possible for a minor to have all the appearance of a grown-up person, and to be so reputed, and it would be a very harsh construction to hold a person criminally liable for being deceived in his age. And it is certainly not only possible, but common, for persons under age, and known to be so, to be sent on all sorts of household errands, and where a sale would be lawful to the adult members of a family I can see no reason why they may not purchase beer or other liquors by servants or agents as innocently as by themselves. This, I think, is evidently contemplated by the statute, which declares such delivery to a minor *prima facie* evidence of a criminal intent. This necessarily assumes that the presumption is disputable, and liable to be overthrown by facts to the contrary. In my view, the statute itself forbids holding the presumption conclusive, and does not propose to violate the general maxims of criminal jurisprudence, which punish none but those having guilty intent. The jury might very likely have found a wrong intent, but I think it was for them to say.