(No. 5234.   October 24, 1928.)

STATE, Respondent, v. EDWIN T. ALVORD, Appellant.

[271 Pac. 322.]

W. A. Ricks, for Appellant.

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

HARTSON, District Judge.—Edwin T. Alvord was convicted of "unlawfully furnishing intoxicating liquor to minor person," in violation of C. S., sec. 2621-A (chap. 171, 1925 Sess. Laws). He appeals from the judgment and from an order denying a motion for a new trial.

Appellant demurred to the information, asserting duplicity, and sought an order requiring the state to elect upon which count it would stand. The information accuses defendant of the crime of unlawfully furnishing liquor to a minor person, committed as follows:

"That said Edwin T. Alvord . . . . on or about the 10th day of April, A. D. 1927, and prior to the filing of this information . . . . did then and there wilfully, unlawfully and feloniously give and furnish and cause to be given and furnished intoxicating liquor to the aforesaid Belvia Mc-Cullough, the said Belvia McCullough being then and there a minor female person. . . . . "

C. S., sec. 2621–A, provides:

"Any person who sells, gives or furnishes, or causes to be sold, given or furnished, intoxicating liquor to any minor is guilty of a felony."

██ It is contended by appellant that two distinct offenses were joined in one count, viz.: (a) the giving and furnishing and (b) the causing to be given and furnished. We think the contention unsound. The doing and causing a thing to be done are the same in law; therefore a count is not double which charges both. (Bish. Cr. Proc., sec. 454; Joyce on Indictments, sec. 536.) Where a statute makes it an offense to do a thing, or cause such a thing to be done, there is but a single offense. (*La Beau v. People,* 33 How. Pr. (N. Y.) 66 (affirmed, 34 N. Y. 223); *Glass v. United States,* 222 Fed. 773, 138 C. C. A. 321; *United States v. Nunnemacher,* 27 Fed. Cas. No. 15,903.) An allegation charging the defendant with doing or causing something to be done is good in that form, although the statute employs the disjunctive conjunction "or" instead of "and." (*United States v. Hull,* 14 Fed. 324.) The trial court did not err in respect of this contention.

██ It is further contended that there is duplicity in the conjunctive allegation of "give" and "furnish." There is but one offense charged, and but one offense was attempted to be proved.

"When a violation of a criminal statute may be committed in one or more of several ways specified, an indictment or information may, in a single count, charge the commission of the offense in any or all of the ways specified by the statute, if the different acts alleged are not repugnant,

and constitute component parts of one transaction." (*State v. Brown*, 36 Ida. 272, 211 Pac. 60.)

"The word 'furnish' is broader than the words 'sell' and 'give,' as they are used in the statute, and if said word had been the only one used in the statute as it now reads— that is, if the words 'sell' and 'give' were not therein used and in their place the word 'furnish' was alone employed— it would not for a moment be doubted that a person who had sold or given any alcoholic liquor to another could be convicted of a violation of the statute by thus furnishing to the other person such liquor, if he were charged in the information with furnishing such liquor to another." (*People v. Epperson*, 38 Cal. App. 486, 176 Pac. 702.)

In the latter case "sell" and "furnish" were charged in the conjunctive, and held not repugnant. But it is not necessary here to go further than hold that there is no repugnancy between "give" and "furnish," and that the information states but one single offense. *Albrecht v. United States*, 273 U. S. 1, 47 Sup. Ct. 250, 71 L. ed. 505, and *Creel v. United States*, 27 Fed. (2d) 690, are distinguishable by reason of different punishments, thus emphasizing the distinction of offenses.

It is urged that the trial court improperly admitted evidence that appellant gave liquor to two men and two girls other than prosecutrix, thus showing other offenses. Testimony was adduced to show that on April 16, 1927, one of the men met the appellant in Rexburg, and appellant invited him to the ranch, and to bring some girls, that he had some "booze" out there; that the prosecutrix, her sister and the two men went to appellant's ranch the next morning about daylight. When they entered the house appellant went outside and brought in a bottle of whisky. He gave it to prosecutrix but she refused to drink it. He then offered it to her sister, and she refused to drink. He then offered it to the men, and they drank. Then the two girls prepared breakfast, and another pint was brought in by appellant, who gave it to prosecutrix, who did not drink, and he passed it around to the others. One of the men

then went after some more girls, and later in the day returned with two girls. Then appellant brought in another bottle of whisky, gave it to prosecutrix, who did not drink. Then he gave it to the two girls just arrived, and they drank.

The rule against admitting proof of extraneous crimes is subject to certain exceptions, one being that evidence of other offenses is admissible when two or more crimes are so linked together in point of time or circumstances that one cannot be fully shown without proving the other. (8 R. C. L., p. 200, sec. 195.) The evidence objected to relates to an invitation to and attendance upon one certain liquor party at which appellant is shown to have thrice given prosecutrix a bottle containing whisky (she refusing to drink it). The charge is that appellant gave and furnished intoxicating liquor to her on that day. In making proof of the facts showing the connection of appellant with the offense charged it was, we think, competent for the state to show the actions of appellant on the occasion of the alleged offense, and to develop as part of the *res gestae* the various things that he did on that particular occasion. The facts were so linked together in point of time and circumstance as to render the acts constituting proof of all admissible in order to develop one. The appellant denied offering prosecutrix any intoxicating liquor, and denied himself having any liquor on his premises. (*Burnett v. State,* 83 Tex. Cr. 97, 201 S. W. 409.)

Error is assigned based on leading questions propounded by the prosecuting attorney. We are unable to say that the trial court abused its discretion in this regard. (C. S., sec. 8032.)

Notwithstanding the fact that appellant's counsel sought to impeach State's witness Afton Jolley by cross-examination to the same end, he assigns as error certain parts of the cross-examination of appellant as an attempt to show particular wrongful acts having no connection with the crime charged, and not showing conviction of a felony. C. S., sec. 8038, provides that a witness may be impeached by the adverse party, not by evidence of particular wrong-

ful acts, but by showing, either by examination of the witness or the record of the judgment, that he had been convicted of a felony. C. S., sec. 8044, provides that a witness must answer as to the fact of his previous conviction of felony. On cross-examination the appellant was asked the direct question, but instead of answering yes or no, the witness said he had never been convicted of anything only having liquor in his possession. The prosecuting attorney persisted in seeking a direct answer, but the witness continued to evade by arguing that possession, under the law, is a mere misdemeanor. C. S., sec. 2625, provides that a person having once been convicted of having intoxicating liquor in his possession, who thereafter repeats the offense, is considered a persistent violator, and is deemed guilty of felony. The usual manner of making proof of a prior conviction of felony is to ask the witness who has suffered such conviction if he had been so convicted, and, if he denies it, to produce copy of the judgment of conviction. But it must be borne in mind that proof of conviction may be shown, as well by the examination of the witness as by the record. Conviction of misdemeanor is not admissible for the purpose of impeachment. But the prosecuting attorney did not ask that question, and the defendant, in answering that his conviction was of possession only, without denying that it was a second offense, invited error if any there was, and he cannot now complain.

Error is predicated upon instruction No. 4, which is as follows:

"You are instructed that the word 'give,' as used in these instructions, means: to make over, or bestow without receiving a return; to confer without compensation; to make a present of; to make over or yield possession of by way of exchange; to deliver or transfer to another something that is taken by him; to hand over.

"The word 'furnish,' as used in these instructions, means to provide; supply; give; to supply or offer something."

In each instance, where appellant handed the bottle or glass to the prosecutrix, she took it and either set it on

the table or handed it to the others. Thus there was more than a mere offer of intoxicating liquor without delivery; there was an actual, physical delivery.

In *People v. Garrett*, 68 Mich. 487, 36 N. W. 234, under a statute forbidding the sale, giving or furnishing of liquor to a minor, the court said:

"The statute is not only aimed at the selling, but prohibits, also, the giving or furnishing, of liquor as a beverage to a minor. The defendant must have known that the boy might taste or drink of the beer before he got across the street if he so desired. It must be held that the legislature intended to prevent the delivering of liquor to children; that they should 'touch not, taste not, handle not.'"

In *Hill v. State*, 62 Ala. 168, under a statute prohibiting the selling or giving away of liquor, it was held that the voluntary delivery into the possession of a minor was prohibited.

The rule, as stated by 2 Woollen and Thornton, p. 1226, sec. 723, is as follows:

"It is not necessary, under a statute forbidding a sale or gift to a minor of intoxicating liquor, that the minor should drink the liquor sold or given him in order to constitute the offense. The mere placing of the liquor in his possession is the offense."

The following cases support this proposition: *Sumner v. State*, 4 Ind. App. 403, 30 N. E. 1105; *People v. Garrett*, 68 Mich. 487, 36 N. W. 234.

In *People v. Newmann*, 85 Mich. 98, 48 N. W. 290, under a law punishing the "furnishing" of liquor to a minor, it was held that the furnishing of liquor is "letting a minor have liquor," and is something more than giving; that a narrow and technical definition of the word "giving" might restrict its meaning to the handing of the liquor to him direct by the person giving it; that it was not necessary that a person should hand the liquor to a minor in order to furnish it.

In *Commonwealth v. Davis*, 12 Ky. (Bush) 240, the court said:

"The statute was not enacted because the mere act of selling, loaning, or giving spirituous, vinous, or malt liquors to minors was in and of itself mischievous, but because such acts place the liquor in their hands and enable them to drink it, whereby they may be debauched and ruined. The object was to make it unlawful for any person . . . . to place such liquors in his hands, and thereby to protect him against the formation of habits of intemperance until his character could be so far formed as to enable him to withstand the allurements of strong drink."

It could not be fairly urged that a sale would be any the less a sale because the purchasing minor did not drink the liquor, but handed it over to a companion to drink. We think there was none the less a giving and furnishing here merely because the minor did not choose to drink. The liquor was delivered by defendant to prosecutrix to be drunk by her, and so far as defendant is concerned, he did that thing which the statute prohibits. A different construction would fail to carry out the obvious intentions of the statute. We do not hold, nor is it necessary, that a mere offer, without delivery over, to a minor, would be giving or furnishing; the facts show a completed delivery to the minor. If that part of instruction No. 4 defining "furnish" to mean to "offer" be erroneous, under the facts of this case we think the defendant was not prejudiced. In all other respects the instruction fairly defines the terms of the statute.

The remaining assignments we think are devoid of merit. We find no prejudicial error, and the judgment is affirmed.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.