(February 3, 1915.)

## STATE, Respondent, v. CHARLES DRISKILL, Appellant.

### [145 Pac. 1095.]

STATUTORY RAPE — CONVICTION OF — EVIDENCE—SUFFICIENCY OF— INSTRUCTIONS—PROSECUTRIX—IMPEACHMENT OF — PROSECUTING ATTORNEY—REMARKS TO JURY.

1. *Held,* that the evidence is sufficient to support the verdict, and that the court did not err in refusing to give certain instructions.

APPEAL from the District Court of the Second Judicial District for Nez Perce County.  Hon. Edgar C. Steele, Judge.

Prosecution for statutory rape.  Conviction and sentence of defendant.  Judgment *affirmed.*

McNamee & Harn, for Appellant.

Admission of testimony as to acts of misconduct and lewdness by the defendant with other girls was clearly reversible error.  (*People v. Stewart*, 85 Cal. 174, 24 Pac. 722; *People v. Bowen*, 49 Cal. 654; *People v. Lenon*, 79 Cal. 628, 21 Pac. 967; *People v. McNutt*, 64 Cal. 116, 28 Pac. 64; *People v. Barnes*, 48 Cal. 551; *People v. Elliott*, 119 Cal. 593, 51 Pac.

955; *People v. Lane,* 100 Cal. 379, 34 Pac. 856; *Owens v. State,* 39 Tex. Cr. 391, 46 S. W. 240.)

"Conviction may be had upon the unsupported testimony of the prosecutrix, if believed by the jury, but defendant should not be convicted without corroboration where the testimony of the prosecutrix bears on its face indications of unreliability or improbability, and particularly when it is contradicted by other evidence." (33 Cyc. 1497; *State* v. *Trego,* 25 Ida. 625, 138 Pac. 1124; *People v. Ardage,* 51 Cal. 371; *People v. Benson,* 6 Cal. 221, 65 Am. Dec. 506; *People v. Hamilton,* 46 Cal. 540; *State v. Goodale,* 210 Mo. 275, 109 S. W. 9; *State v. Tevis,* 234 Mo. 276, 136 S. W. 339.)

J. H. Peterson, Attorney General, J. J. Guheen, E. G. Davis and T. C. Coffin, Assistants, and Miles S. Johnson, for Respondent.

Where two witnesses testify to the same state of facts, and one of them is successfully impeached, nevertheless the verdict will not be disturbed where no attempt has been made to impeach the other. (*Smith v. State,* 13 Ga. App. 32, 78 S. E. 685; *Dozier v. State,* 62 Tex. Cr. App. 258, 137 S. W. 679.)

SULLIVAN, C. J.—The defendant was indicted and convicted of the crime of statutory rape and sentenced to an indeterminate term of imprisonment of from five to ten years in the state penitentiary. A motion for a new trial was denied and this appeal is from the judgment and order denying a new trial.

Fifteen errors are assigned which go to the admission of certain evidence, the refusal of the court to give certain requested instructions, and in permitting the prosecuting attorney to make certain statements during his argument to the jury, the insufficiency of the evidence, and the impeachment of the prosecutrix.

After an examination of the record, we are fully satisfied that the evidence is sufficient to support the verdict and that the court did not err in the admission of evidence. There was a sufficient corroboration of the testimony of the prosecutrix.

The action of the court in permitting a witness on behalf of the state to testify that she had sexual intercourse with the defendant within a very few minutes after he had had intercourse with the prosecutrix is assigned as error. It appears that said witness and the prosecutrix went to a barn with the defendant and another young man and there the acts referred to were committed, and that after the defendant had had intercourse with the prosecutrix it was suggested that the young men change girls, and thereupon the change was made and the defendant had intercourse with the other girl, and the record shows that such acts were not more than fifteen minutes apart. Being so close together and really a part of the *res gestae,* the court did not err in admitting the evidence referred to.

After an examination of the instructions requested by the defendant and refused by the court, we are satisfied that the court did not err in refusing to give said instructions.

As to the impeachment of the prosecutrix and to what extent the jury would give credence to her testimony, that was for the jury to determine, and we do not think if the jury believed the prosecutrix had made contradictory statements, they must of necessity reject all of her evidence as untrue. The jury evidently concluded from all of the evidence that the defendant was guilty of the crime charged beyond a reasonable doubt, and we think all of the evidence taken together would justify that conclusion.

As to the remarks made by the prosecuting attorney in his argument to the jury, we do not think there was sufficient error in those remarks to warrant a reversal of the judgment.

Finding no reversible error in the record, the judgment must be affirmed, and it is so ordered.

Budge and Morgan, JJ., concur.