(No. 5874.   October 15, 1932.)

STATE, Respondent, v. ANNIE E. ARNOLD, Appellant.

[15 Pac. (2d) 396.]

C. L. Hillman, for Appellant.

Fred J. Babcock, Attorney General, and Z. Reed Millar, Assistant Attorney General, for Respondent.

LEE, C. J.—Defendant and appellant, Annie E. Arnold, was charged with selling intoxicating liquor to one Robert Smith. The state's evidence showed that upon March 20, 1931, Smith went to appellant's house and there purchased from her a bottle of beer, part of which he drank upon the premises; that later in the day he was apprehended with the partially emptied bottle upon him; that, armed with both a warrant of arrest and a search-warrant, certain officers about 1 or 2 o'clock P. M. on the following day proceeded to appellant's home, placed her under arrest and thereafter, before mentioning or ever exhibiting the search-warrant, secured her permission to make a search, which resulted in the discovery of 44 bottles of beer, a 15 or 20 gallon jar

full of brew, and many empty gallon and half-gallon jars and flasks. From the judgment of conviction following a jury trial, she has appealed, assigning two errors only, that of the admission of all evidence touching the articles discovered in her house and the giving of state's Instruction No. 5.

It is insisted that, since the articles so discovered in appellant's home operated to establish possession, a separate and distinct offense from that charged in the information, all evidence concerning them was both incompetent and irrelevant. Many cases are cited in support of this contention but in none of them did the evidence assailed have any "logical connection" with the crime charged. Here, not only is there evidence of contraband available for sale in large quantity, but available in such close proximity to the sale alleged that the ordinary mind cannot escape putting two and two together.

Declaring that: "Where the defendant is charged in the information solely with a specific sale of intoxicating liquor it is error to admit evidence of unlawful possession of intoxicating liquor at a subsequent date," appellant submits with finality the announcement of *Hughes v. State,* (Okl. Cr. App.) 299 Pac. 240. In that case, possession was not involved at all: It was properly held that, when the state relies upon a particular sale, it is error to admit proof of other sales. But the court went on to say: "Evidence of an offense other than the one charged is admissible only when it tends to prove the offense charged." In *State v. Dunn,* 44 Ida. 636, 642, 258 Pac. 553, speaking of possession, evidence of which had been admitted over objection in a trial for an alleged sale, this court directly held: "The evidence was admissible as corroborative of the testimony as to the illegal sale charged in the information."

But, it is further contended that the evidence was inadmissible in that it was secured by means of a defective search-warrant. To this proposition, conceding that the search-warrant was defective, there are three answers. No timely motion was made to suppress the evidence. Ob-

jection to the use of such evidence must be made before trial, unless it is made to appear that the first notice to the accused of a possible violation of his right is during the course of the trial, or where a proper motion had been made before trial and denied, neither of which exceptions are available under the facts here presented. (*State v. Severns*, 47 Ida. 246, 273 Pac. 940; *State v. Wansgaard*, 46 Ida. 20, 265 Pac. 671; *State v. Dawson*, 40 Ida. 495, 235 Pac. 326.) Appellant had consented to the search before she had been apprised of the existence of a search-warrant. Her consent in the entire absence of a search-warrant would have forestalled later objection. (*State v. Beach*, 51 Ida. 183; 3 Pac. (2d) 539; *State v. McLennan*, 40 Ida. 286, 231 Pac. 718.)

Finally, the search and seizure were had after appellant's arrest for the crime charged: they were incidental to the arrest and required neither search-warrant nor consent. *State v. Myers*, 36 Ida. 396, 211 Pac. 440, quoting (p. 407) *People v. Jakira*, 118 Misc. Rep. 303, 193 N. Y. Supp. 306, as follows: "Property found in the possession of defendant at the time of his lawful arrest, and relevant and material to the prosecution, may be retained by the prosecution, and used against defendant on his trial, even though there were neither warrant of arrest nor warrant of search and seizure at the time the papers were taken." An authoritative statement of the rule is that of *Carroll v. United States*, 267 U. S. 132, 39 A. L. R. 790, 45 Sup. Ct. 280, 69 L. ed. 543, 553: "When a man is legally arrested for an offense, whatever is found upon his person or in his control which it is unlawful for him to have, and which may be used to prove the offense, may be seized and held as evidence in the prosecution." There was no error in admitting the evidence.

Instruction No. 5, complained of, recited:

"Certain evidence has been given before you concerning a search of the defendant's residence on the 21st day of March, 1931, and what was found there. The fact that this evidence may tend to establish the commission of another or other offenses, on the part of the defendant,

than that charged in the information (if it does tend to establish any other offense or offenses) is not to be taken into consideration by you in arriving at your verdict in this case. In this case you are concerned solely with the question of whether or not the defendant is guilty of the offense charged in the information. And the fact that she may have committed some other offense or offenses at some other time or place, will not justify her conviction of the offense charged in this case, and no juror should allow himself to be to any extent influenced by such fact in arriving at his verdict."

This was not only a correct statement of the law but was highly favorable to defendant.

Judgment affirmed.

Budge, Givens, Varian and Leeper, JJ., concur.