(No. 6147.   May 2, 1935.)

STATE, Respondent, v. GUST PARRIS, Appellant.

[44 Pac. (2d) 1118.]

C. M. Jeffery, for Appellant.

Honorable Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

BUDGE, J.—Appellant was charged with, and convicted of, the crime of furnishing intoxicating liquor to a minor, which under the provisions of I. C. A., section 18-217, is a felony. From the judgment of conviction and the denial of a motion for new trial this appeal is prosecuted.

Proof was introduced by the state substantially to the following effect: On or about July 27, 1933, two girls, each of the age of 15 years, by invitation of appellant entered the barber-shop operated by him and engaged in conversation. One of the girls asked appellant if he had any whiskey; appellant replied in the affirmative, and thereupon the girls

went across the street and procured a bottle of soda water. Upon their return appellant mixed whiskey with the soda water and gave it to the two girls and they proceeded to drink the same in his presence. Immediately thereafter, and as a part of the *res gestae,* the girls entered one of the bathrooms located in the barber-shop; appellant followed them in, whereupon, it was testified by one of the girls he committed an act of indecent exposure, referred to as the "bathtub incident." All of the facts and circumstances above mentioned were positively denied by appellant.

Three assignments of error are made. First: That the evidence is insufficient to sustain the verdict and the judgment entered thereon. It is contended that since the testimony of the two girls was uncorroborated, no conviction could be upheld. There is no merit in this contention. (*State v. Payton,* 45 Ida. 668, 264 Pac. 875; *State v. Keyser,* 38 Ida. 57, 219 Pac. 775; *State v. Hopkins,* 26 Ida. 741, 145 Pac. 1095; *State v. Driskill,* 26 Ida. 738, 145 Pac. 1095.)

It is further insisted the evidence is insufficient for the reason it was given under coercion, in that it appeared that the girls were on parole from the juvenile court, and further that the girls had made contradictory statements. The attempted impeachment, and the question of whether contradictory statements were made by the witnesses, as well as whether or not the evidence given by them was the result of coercion, raised questions of the credibility of and the weight to be given their testimony, to be determined by the jury. (*State v. Harp,* 31 Ida. 597, 173 Pac. 1148; *State v. Sims,* 35 Ida. 505, 206 Pac. 1045; *Bodenhamer v. Pacific Fruit etc. Co.,* 50 Ida. 248, 295 Pac. 243; *State v. Driskill, supra; State v. Bush,* 50 Ida. 166, 295 Pac. 432.)

The second assignment of error is sought to be predicated upon the alleged misconduct of the prosecuting attorney in eliciting information with reference to the indecent exposure or the so-called "bathtub incident." The rule is well established that the exclusion of proof of separate offenses in a criminal proceeding is subject to the exception that proof of other offenses is admissible when

two or more crimes are so linked together in point of time and circumstances that one cannot be fully shown without proving the other. (*State v. Alvord,* 46 Ida. 765, 271 Pac. 322; *State v. Bubis,* 39 Ida. 376, 227 Pac. 384; *State v. Lancaster,* 10 Ida. 410, 78 Pac. 1081.) Misconduct of the prosecuting attorney is further complained of in that it is alleged that he attempted to introduce in evidence certain stenographic reports of hearings had and held in connection with delinquency proceedings involving the two girls in question. An examination of the record convinces us that there was no prejudicial error in this respect, for the reason that appellant availed himself in the first instance of this character of evidence and for the further reason that the same was not timely objected to. The alleged misconduct of the prosecuting attorney did not deprive appellant of a fair and impartial trial.

The last assignment of error is directed against the action of the court in refusing to grant appellant's motion for a new trial, the reasons urged being the same as those heretofore considered under the first and second assignments of error. There is sufficient evidence to support the verdict, which being true, it is not contrary to law. The point is sought to be made under subdivision (c) of the assignment of error that the verdict was the result of prejudice for the reason that the girl witnesses and appellant were of different nationalities. There is no merit in this assignment.

From an examination of the record we have therefore concluded there was no prejudicial error.

The judgment is affirmed.

Givens, C. J., and Morgan, Holden and Ailshie, JJ., concur.

Petition for rehearing denied.