THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CURTIS SANDNER, Appellant.

County Court, Nassau County, December 17, 1936.

*Charles W. Froessell,* for the appellant.

*Martin W. Littleton, District Attorney* [*Philip Huntington* of counsel], for the respondent.

JOHNSON, J. Appeal from a judgment of Special Sessions convicting the defendant of a violation of section 58 of the Vehicle and Traffic Law. This is not a " traffic infraction " (Vehicle and Traffic Law, § 2, subd. 29), but is expressly declared to be a mis-

demeanor. It is, therefore, not a minor offense to be dealt with summarily by a magistrate but a crime of the grade of misdemeanor prosecuted upon information in a Court of Special Sessions. (*People* v. *Grogan*, 260 N. Y. 138, 142.)

The evidence necessary to sustain a conviction must show something more than mere error of judgment or the mere fact that an accident or collision occurred. It is "reckless driving" that the statute prohibits, and defines it to mean the driving of a motor vehicle "in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway." The Court of Appeals has defined this to mean "interferes with or endangers the user of the highway through the failure to exercise reasonable care, reasonable caution or the reasonable foresight of a reasonably prudent and careful person." (*People* v. *Grogan*, *supra*, 260 N. Y. 138, at p. 149.)

The question, therefore, is whether the evidence establishes beyond a reasonable doubt that the defendant failed to exercise the care of a reasonably prudent man and thus unreasonably endangered users of the highway.

I am not satisfied from the record that the evidence does so establish the defendant's guilt. "There is here lacking that element which makes for negligence or which shows that he was unnecessarily interfering with or unnecessarily endangering users of the highway." (*People* v. *Grogan*, *supra*, 260 N. Y. 138, at p. 150.)

Judgment of conviction reversed, and information dismissed.