STATE, Respondent, *v.* BIERING, Appellant.

(No. 8,017.)

(Submitted November 18, 1940. Decided December 3, 1940.)

[107 Pac. (2d) 876.]

238

*Messrs. Clarence E. Wohl, W. G. Gilbert, Lester H. Loble* and *Hugh R. Adair,* for Appellant, submitted a brief; *Mr. Gilbert* and *Mr. Adair* argued the cause orally.

*Mr. Harrison J. Freebourn,* Attorney General, and *Mr. Carl N. Thompson,* Assistant Attorney General, for the State, submitted a brief; *Mr. Lee Metcalf,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from a judgment of conviction in a prosecution arising out of an automobile collision. The facts are these:

The defendant was driving his automobile north toward White Sulphur Springs. About two and one-half miles south of White Sulphur Springs he met two approaching cars, one behind the other. The driver of the car behind attempted to pass the car in front, traveling at about 55 or 60 miles per hour, and after having done so and while returning to his own side of the road sideswiped the defendant's car. A complaint was filed in the justice court charging that the defendant did ''with force and arms commit the crime of driving a car on the wrong side of the state highway, committed as follows, to-wit: That the

said H. C. Biering, on or about the 23rd day of October, 1938, while proceeding in a northerly direction along the state highway, approximately two and one-half miles south of the town of White Sulphur Springs, Montana, did wilfully, wrongfully and carelessly drive his car on the wrong side of said state highway thus causing a collision between his car and another car.''

A trial was had and the defendant was found guilty and a fine of $10 was imposed. The defendant appealed to the district court and a trial *de novo* was had which also resulted in conviction, followed by a fine of $100. This appeal followed. The defendant contends that the complaint is insufficient in several particulars. We do not pass on these contentions, but for the purpose of the appeal we treat the complaint as sufficient.

The state contends that "driving on the wrong side of the road" violates subsection (19) of section 5 of Chapter 182 of the Laws of 1937, and that this violation coupled with the allegation of collision automatically places the crime within subsection (6) of the same section. Subsection (6) provides in part as follows: "Driving an automotive vehicle in a reckless manner is the violation of * * * any one or more violations [provisions] of this Act that has caused an accident.''

Assuming that the state's contention is correct, regarding the sufficiency of the complaint, the judgment of conviction cannot stand because the facts do not warrant the conclusion that the act of defendant in driving on the wrong side of the road caused the collision or accident. In order for the act of driving on the wrong side of the road to constitute the crime of reckless driving, which is the crime for which defendant was sentenced, such act must have *caused* an accident.

There is no substantial conflict in the evidence on the material facts bearing upon this question. The defendant at the time of the collision was somewhat to the left of the center of the road. He testified that when he saw the driver of the one car attempt to pass the other he slammed on his brakes in an effort to avoid a collision and his car swerved to the left. The driver of the passing car stated that when he got even with

the car that he was passing, the defendant's car was somewhat over to the left of the center and was trying to cut off to the right. The occurrence was a matter to be timed by "split" seconds. Four of the five eye witnesses testified that the defendant was proceeding lawfully on his right side of the road before the driver of the one car attempted to pass the other. But for the purpose of this case, we may assume that the defendant was technically violating the statute prohibiting driving on the wrong side of the road. One essential thing to be proved under this complaint is that the act of the defendant in driving on the wrong side caused the accident. There is an utter lack of proof of this fact. The testimony of all witnesses, together with the physical facts, show that the cause of the accident was the inexcusable recklessness of the driver of the passing car in attempting to pass when he could not see sufficient clear road to pass and return to his side of the road without endangering an approaching vehicle coming in the opposite direction contrary to subsection (19), section 5, Chapter 182, and under conditions which were not reasonably safe. (Compare *McDonough* v. *Smith*, 86 Mont. 545, 284 Pac. 542.) Before there can be a conviction for reckless driving under subsection (6) of section 5 of Chapter 182, the violation of one of the provisions of the Act must have caused an accident. It is not enough that an accident ensued.

Finding as we do, that there is no evidence to support a conviction of the crime of reckless driving on the part of defendant, the judgment is reversed with directions to dismiss the complaint.

ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD and HONORABLE GEORGE PADBURY, JR., District Judge, sitting in place of MR. CHIEF JUSTICE JOHNSON, disqualified, concur.