In the Matter of EARL K. FAKE, Respondent, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles, Appellant.

Fourth Department, May 13, 1953.

*Joseph A. Santry* for respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Philip J. Fitzgerald* and *Wendell P. Brown* of counsel), for appellant.

KIMBALL, J. The Commissioner of Motor Vehicles appeals from a final order of Special Term which annulled the order of the commissioner suspending petitioner's operator's license and directing restoration thereof. Appeal is taken also from an order which denied the commissioner's motion to dismiss the petition upon objections in point of law. The petition was accompanied by affidavits. The relief demanded was " to annul and cancel " the order of suspension. A hearing having been had, the order of the commissioner was reviewable by the Supreme Court. (Vehicle and Traffic Law, § 71, subd. 6.) As the determination was the result of a hearing held, the Special Term should have made an order transferring the proceeding to the Appellate Division for disposition. (Civ. Prac. Act, § 1296, subd. 7.) This court will treat the cause as if the proper order of transfer had been made and will dispose of the issues by a review of the determination made by the commissioner after the hearing. Nothing may be considered here which was

not properly before the referee. We therefore disregard the affidavits attached to the petition and the affidavit of John W. Kane attached to the answer and return. Kane was not called as a witness. At the hearing on July 17, 1952, the only witness was the petitioner himself, Earl K. Fake. His examination by the referee covers about two and a half pages of the record. Fake's accident report was not identified as being signed by him nor was it marked and received in evidence. The referee, himself, stated that the report was signed by Fake and thereupon quoted from it. No objection was made, however, and we will treat the report as though it had been duly received.

The referee found that the petitioner violated section 58 of the Vehicle and Traffic Law — reckless driving. The evidence at the hearing discloses that the driver of the car involved was nineteen years of age and had been licensed for about three years. Fake testified that the accident occurred on January 23, 1952, a little north of Canajoharie. The road was very slippery. He was going about forty-five miles per hour. '' You come down over a knoll, and then it kind of levels out and takes that turn.'' Asked what happened, Fake said: '' I believe when I come over the knoll — I can't remember, but it seems as though I slid over on the ditch, and I got it out; and that is the last I remember. I guess it slid off the road or ran off the road into the tree.'' He said he was not in a hurry; that he thought he could have his car under control on a slippery road going forty-five miles an hour. The accident report (erroneously quoted by the referee) states: '' he skidded on icy highway and struck a tree beside the road.'' The finding of fact upon which the determination was made is: '' There is no question that Mr. Fake was driving too fast for the condition of the road at the time of the accident.'' The accident report shows that the accident occurred in open country about 1:00 p.m.; that it was light and the weather clear; that the car was going straight and was skidding. We find no evidence to sustain the determination that the petitioner was guilty of reckless driving. There was no violation of any statute as to speed. There was no proof of other traffic; no proof of defective brakes, smooth tires or type of road surface or width of road and shoulders. There was no claim of use of intoxicants. There is no proof as to the extent of icy surface, i.e., whether it extended over the whole road or only in patches. All that appears is the fact that, while traveling at about forty-five miles an hour, the car skidded or slid off the road where it was icy or slippery and the conclusion of the referee that Fake was

driving too fast for the condition of the road. Such facts are insufficient to sustain " reckless driving " or " gross negligence ". It seems unnecessary to review again the law in that regard as laid down by the courts. (See cases cited in *Matter of Jensen* v. *Fletcher,* 277 App. Div. 454, 457–458, affd. 303 N. Y. 639.) There is nothing in this record from which it can be held that Fake acted in " disregard of the consequences which may ensue from the act " and with " indifference to the rights of others." Speed alone, even in excess of the legal limit, is not in and of itself, reckless driving. (*People* v. *Devoe,* 246 N. Y. 636; *People* v. *Bearden,* 290 N. Y. 478.) The fact that the car skidded or slid off the road does not, standing alone, even constitute ordinary negligence. (*Lahr* v. *Tirrill,* 274 N. Y. 112; *Rango* v. *Fennell,* 168 N. Y. S. 646; *Philpot* v. *Fifth Avenue Coach Co.,* 142 App. Div. 811; *Anderson* v. *Schorn,* 189 App. Div. 495.)

The orders of Special Term should be reversed. The determination under review should be annulled.

All concur. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

Orders appealed from reversed on the law, and proceeding considered *de novo*. Determination of the Commissioner of Motor Vehicles annulled on the law and respondent directed to restore petitioner's license, with $10 costs and disbursements to petitioner.