THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES S. GARO, Appellant.

County Court, Broome County, August 26, 1955.

*Samuel H. Pearis* and *Robert D. Stone* for appellant.

*Robert E. Fischer, District Attorney* (*Frank J. Ondrusek* of counsel), for respondent.

BRINK, J.  This is an appeal from a conviction in the City Court of Binghamton, following a jury trial, on an information charging the defendant with reckless driving, in violation of section 58 of the Vehicle and Traffic Law of the State of New York.  Following the defendant's conviction, the defendant was sentenced to pay a fine of $100, or to serve fifteen days in the Broome County jail.  The fine was paid.

The information, after alleging the words of the statute, further recites, to wit:  " defendant drove west on Handel and attempted to cross Beethoven, a main artery of north and south-

bound traffic, without coming to a full stop at the intersection as directed by a stop sign located there." No other facts are alleged.

On trial, the defendant testified that he stopped his car in compliance with the stop sign, but there was sufficient evidence for the jury to find that the defendant failed to stop.

As the defendant's car entered the intersection, it collided with a car which was being driven by one Anna Makein, after which the Makein car struck a third car and then ran into a tree. It appears undisputed from the evidence that at the time the defendant entered the intersection, his car was traveling between twenty and twenty-five miles per hour, well within the thirty-mile speed limit. The record does not reveal any additional evidence of recklessness or culpability on the part of the defendant in the operation of his motor vehicle.

Section 58 of the Vehicle and Traffic Law defines reckless driving as driving or using a motor vehicle in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway. It has been frequently held by the courts of this State that mere negligence is not sufficient to justify a conviction under this statute, but that the conduct of the defendant must be so reckless as to constitute culpable or gross negligence. (*People* v. *Grogan,* 260 N. Y. 138; *Matter of Jenson* v. *Fletcher,* 277 App. Div. 454, affd. 303 N. Y. 639; *Matter of Fake* v. *Macduff,* 281 App. Div. 630; *People* v. *Bowles,* 280 App. Div. 476.) The Court of Appeals has held that reckless driving standing by itself means the running or operating of an automobile under such circumstances as to show a reckless disregard of the consequences. (*People* v. *Grogan, supra.*) This necessitates a reckless attitude or state of mind on the part of the driver of the motor vehicle. Such an attitude may be determined from the manner in which the motor vehicle is operated. It has been frequently held that the mere operation of a motor vehicle at excessive speed in itself is not sufficient to establish reckless driving. (*People* v. *Grogan, supra; Matter of Fake* v. *Macduff, supra.*)

Failure to observe a stop sign on a city street is an infraction regulated by a city ordinance. It may occur as a result of a momentary failure to concentrate, a momentary distraction or a visual omission. The mere passing of a single stop sign, in itself cannot be said to establish a disregard of the consequences of the act. If the defendant in addition to passing a stop sign, had entered the intersection at an excessive and illegal rate of

speed, it might be determined that his conduct was reckless in entering an intersection in such a manner, without stopping. There might be other circumstances, under which a defendant's failure to observe a stop sign with some additional proof, might constitute culpable negligence.

The fact that defendant's motor vehicle was involved in an accident does not constitute such additional proof. (*People* v. *Grogan, supra*; *People* v. *Byrne,* 195 Misc. 783.) The accident was the result of passing a stop sign, but not culpable negligence. The accident in this case merely proves the consequences, but not the nature of the act. Under the proof here, the defendant is guilty only of an infraction in failing to observe a stop sign. A mere infraction of this type in itself is not sufficient to establish reckless driving within the meaning and intent of the statute.

The defendant's motion to dismiss the information for failing to allege sufficient facts should have been granted at the commencement of the trial. Defendant's motion to dismiss the information at the close of the People's case on the ground that the People failed to prove facts sufficient to constitute the crime alleged should have been granted. The judgment of conviction should be reversed, the information dismissed and the defendant's fine refunded. An order may be submitted accordingly.