310 P.2d 362

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jack A. GUMMERSON, Defendant-Appellant.**

No. 8315.

Supreme Court of Idaho.

April 17, 1957.

Givens, O'Leary, Doane & Givens, Boise, for appellant.

PORTER, Justice.

Appellant was convicted in the District Court of Cassia County of the crime of involuntary manslaughter, a felony. Such offense was alleged to have been committed by the negligent and reckless driving of an automobile by appellant which caused an accident resulting in the death of one Grant Hill. Appellant was sentenced to confinement in the State Prison for a term not exceeding ten years which was commuted to a term of three months in the Cassia County jail, and a fine of $500. Appellant has appealed from such judgment of conviction to this court.

The record shows that the facts in this case are substantially as hereinafter set out. While there was conflicting evidence as to some of such facts, there was substantial evidence in support of each of such facts.

Appellant is a single man, 32 years of age, residing in the vicinity of Rupert. Shortly

Graydon W. Smith, Atty. Gen., Norman H. Nielson, Pros. Atty., Burley, J. R. Smead, Asst. Atty. Gen., for respondent.

before 8 o'clock p. m. on November 25, 1954, appellant drove his Cadillac automobile to the home of Della Fenstermaker in Burley. There were also present at such home in addition to Della Fenstermaker, two other girls and three other young men. After having some mixed drinks, including at least one drink by appellant, the whole party got into the Cadillac automobile and proceeded by way of U. S. Highway 30 South to Strevell and from there to a dance at Naf, Idaho. Naf lies about six miles from Strevell and is not on U. S. Highway 30 South.

The party stayed at the dance for about twenty minutes and then started back to Burley, driving north on U. S. Highway 30 South. Appellant was driving the Cadillac automobile. There were two girls and another man in addition to the driver riding in the front seat of the automobile. Those of the party in the front seat were singing. The Cadillac automobile being driven by appellant arrived at the place of the hereinafter described accident about six miles north of Malta on U. S. Highway 30 South, at about 11 o'clock p. m.

The night was very windy. At the place of the accident there was a dense cloud of dust two or three hundred yards wide blowing across U. S. Highway 30 South with some dust haziness at the edges of the main dust cloud. At about 11 o'clock p. m. a semi-trailer truck was being driven north on U. S. Highway 30 South by one Walter Glanville. He entered the dust cloud and was compelled to stop by reason of an automobile stopped at an angle of approximately ninety degrees across the highway. Visibility in the dust storm was so low that it was very difficult to see where a car was being driven. When Glanville stopped his truck, part of it was over on his left-hand side of the highway. Both the car ahead of the truck and the truck were driven back onto their proper side of the road.

Grant Hill and his wife, of Buhl, Idaho, had gone to Salt Lake City to have Thanksgiving dinner with his brother-in-law. After dinner they started back to Buhl in a Plymouth automobile being driven by Mr. Hill. They also had as passengers four other relatives. They traveled north on U. S. Highway 30 South. They drove into the dust cloud and stopped the Plymouth automobile not more than twenty feet behind the Glanville truck.

A Garrett truck driven by Eldon Biggerstaff passed very slowly through the dust cloud traveling south on U. S. Highway 30 South. The driver stopped the truck and talked for a few moments with the occupants of the Plymouth automobile. The Garrett truck was being followed through the dust storm by the automobile of Dr. and Mrs. Virgil Telford. As the truck and the Telford car were leaving the dense part of the dust storm they saw the Cadillac car of appellant approaching very rapidly from the south. The driver of the truck blinked his lights several times trying to warn the approaching car of danger. Dr. Telford es-

timated that the Cadillac car was traveling at approximately seventy miles per hour. At the trial appellant testified that he was not driving in excess of the lawful speed of fifty-five miles per hour. The Cadillac car did not slow down prior to entering the dust cloud. The Cadillac car struck the Plymouth car and forced the same violently against the rear of the Glanville truck. The Plymouth car immediately burst into flames and all six persons riding in the Plymouth, including the deceased Grant Hill, perished in the fire. There was some slight, unsubstantial and unconvincing evidence that the Plymouth automobile was on fire prior to being struck by the Cadillac.

Appellant in his brief sets out twelve assignments of error. Assignment of Error No. 1 reads as follows:

"The Court erred in denying (tr. p. 394, L. 17–28) defendant's motion to advise the jury to acquit the defendant (tr. p. 239, L. 14–17) for the reason and upon the ground that the State failed to prove the corpus delicti and failed to prove the defendant guilty of the crime with which he was charged in that: the evidence does not show that the defendant drove his automobile into, or collided with, the automobile in which the deceased and his companions were, until after the deceased and his companions were already dead."

■ The refusal of the trial court to advise the jury to acquit the defendant is not reviewable on appeal. State v. Stevens, 48 Idaho 335, 282 P. 93; State v. Richardson, 56 Idaho 150, 50 P.2d 1012.

■ Appellant's contention that the state failed to prove the corpus delicti and failed to prove appellant guilty for the reason that the evidence does not show that appellant drove his automobile into the Plymouth automobile until after the deceased and his companions were already dead, is without merit. The evidence is almost without conflict to the contrary. The jury's finding thereon is supported by competent, substantial evidence and will not be disturbed on appeal.

It is unnecessary to discuss Assignments of Error Nos. 2 to 6 inclusive as they are all predicated upon Assignment of Error No. 1.

Assignments of Error Nos. 7 and 8 set out that the court erred in sustaining objections to certain cross-examination of the witness Snyder. These assignments of error are not sufficiently meritorious to require discussion.

■ By Assignment of Error No. 9, appellant complains of the court's Instruction No. 12. Such instruction is the usual and customary instruction upon intent and the proof thereof. It is based upon Sections 18–114 and 18–115, I.C. It was not error to give such instruction.

■ By Assignment of Error No. 10, appellant contends the court erred in giving

Instruction No. 16 in that said instruction is neither germane nor pertinent, and is confusing and misleading. This instruction correctly states the law as to the stopping, parking or leaving of a vehicle standing upon the main traveled part of a highway. There is no merit in this assignment of error. Section 49–556.1, I.C.; State v. Hintz, 61 Idaho 411, 102 P.2d 639.

■ By Assignment of Error No. 11, appellant complains that the court erred in refusing to give Appellant's Requested Instruction No. 2. This requested instruction deals with the degree of proof necessary to justify a verdict of guilty. This question was fully covered by the court's instruction on the necessity of proof of guilt beyond a reasonable doubt. State v. Taylor, 76 Idaho 358, 283 P.2d 582.

■ By Assignment of Error No. 12, appellant contends the court erred in refusing to give Appellant's Requested Instruction No. 5 which requested instruction reads as follows:

"You are instructed that in considering the evidence in this case you must disregard all testimony which does not tend to prove or disprove any of the material allegations of the information."

The court properly refused to give such instruction.

The question of whether or not that part of the involuntary manslaughter statute under which this case was prosecuted, had been theretofore repealed, has not been raised by appellant. However, in view of the holding of this court in the case of State v. Davidson, Idaho, 309 P.2d 211, we deem it necessary and proper for the principles enunciated by the court in the Davidson case to be applied to the ultimate determination of this case.

Section 18–4006, I.C., wherein involuntary manslaughter is defined, was amended in 1949 by adding to such definition, among others, the following words: "or in the operation of a motor vehicle in a reckless, careless or negligent manner which produces death." Involuntary manslaughter is a felony and is punishable by incarceration in the state penitentiary.

In 1953, Section 49–520.1, I.C., was enacted, the pertinent part of which section reads as follows:

"Negligent homicide.—(a) When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide.

"(b) Any person convicted of negligent homicide shall be punished by imprisonment for not more than one year or by fine of not more than $1,000, or by both such fine and imprisonment."

This section is part of an act relating to traffic on the highways contained in Chapter 273 of the 1953 Session Laws. Such Act also provides that "all acts or parts of acts inconsistent with the provisions of this act are hereby repealed."

■ In the Davidson case, this court held that the enactment of Chapter 273, 1953 Session Laws, repealed that part of the involuntary manslaughter statute with reference to the killing of a human being by the reckless and negligent operation of an automobile hereinbefore quoted as the 1949 amendment. This court also held that the evidence in such case was sufficient to sustain a finding that the defendant was guilty of negligent homicide. The court further held that negligent homicide was made a misdemeanor by the punishment prescribed for such offense, and remanded the case to the district court with instructions to enter a judgment of conviction of negligent homicide.

■ In the instant case, the information charges that Jack A. Gummerson drove his automobile "negligently, carelessly, recklessly and heedlessly, in wanton and wilful disregard for the rights and safety of others and without due caution and circumspection and at an excessive rate of speed under the circumstances and in a manner so as to endanger persons and property, * * *." The trial court instructed the jury that the crime of negligent homicide is an indictable misdemeanor and an included lesser offense charged in the information. We are of the opinion that the information sufficiently charged appellant with acts constituting negligent homicide and that the evidence was sufficient to sustain a conviction of such offense.

Upon the authority of and in accordance with the principles set out in State v. Davidson, supra, the judgment of conviction of the felony of involuntary manslaughter is reversed and the cause remanded with instructions to the trial court to enter judgment of conviction for the misdemeanor of negligent homicide and to impose sentence accordingly.

TAYLOR and SMITH, JJ., concur.

The late Justice ANDERSON sat at the hearing but died before final decision of the cause.

KEETON, Chief Justice (dissenting).

As the result of an automobile collision in which Grant Hill was killed, appellant was by an information filed in the District Court, charged with and thereafter found guilty and convicted of involuntary manslaughter, in violation of Sec. 18–4006, I.C.

Between the city of Burley and the village of Malta, in Cassia County, there is a paved highway, known as U. S. Highway 30 South, extending generally in a northerly and southerly direction. The paved portion of this highway is 24 ft. wide, with shoulders extending 7 ft. on each side. The bor-

row pit extends further on the east and west side of the improved portions, sufficient in width to permit motor vehicles to drive or park on the unimproved parts.

On November 25, 1954, at approximately 11 p. m. deceased was driving a Plymouth car, traveling north on Highway 30 South toward Buhl. Appellant, a farmer by occupation, thirty-two years old, was driving a Cadillac car on said highway, behind the Plymouth car, and going in the same direction.

At the time of the collision, approximately six miles from Malta, a severe dust storm obscured visibility along portions of the highway. Drivers of motor vehicles traveling this highway, preceding, and at the time of the accident, encountered difficulty following the road. Deceased Hill, after he entered the dust storm area, stopped the Plymouth car on the improved part of the road, behind a truck, which the driver had stopped because of lack of visibility, and difficulty in proceeding further along the road. Appellant drove the Cadillac into the dense dust area approximately 150 yards or more from the place where the truck and Plymouth car were parked. All direct testimony is to the effect that on reaching this dust area appellant applied the brakes and decreased the speed of his car; that he proceeded in the right lane of traffic in the direction he was going. Approximately 10 or 20 ft. from where the Plymouth was parked appellant first saw this obstruction in the road and endeavored to stop the Cadillac, but was unable to do so. A collision occurred. The Plymouth car was driven by the impact with the Cadillac car into the truck ahead, parked approximately 10 ft. from the Plymouth, and for reasons not clear, the Plymouth car caught fire. Deceased Hill and passengers accompanying him burned. When the collision occurred, neither car catapaulted, upset or turned over, and the impact was insufficient to show that the Cadillac car driven by appellant was proceeding at an excessive or dangerous rate of speed. Appellant's testimony as to rate of speed was corroborated by other witnesses who testified that appellant was at the time proceeding at a rate of speed under normal conditions less than the speed prescribed by law. No flares were put out by Hill, the truck driver or others, giving any warning of an obstruction in the road.

After the impact, the truck and the colliding cars were still in the right hand lane of traffic in the direction they were headed. The impact caused the Plymouth car to swerve slightly to the right and the Cadillac slightly to the left, described by the witnesses as forming a "V", but both cars were, after the impact, on the improved portion of the road and to the right of the center line of the highway.

In assignments of error, among others, appellant contends that the verdict of guilty is not supported by and is contrary to the evidence; that the jury should have been advised to acquit appellant.

Sec. 18–4006, I.C. defines involuntary manslaughter as follows:

"Manslaughter is the unlawful killing of a human being, without malice. It is of two kinds:

\* \* \* \* \* \*

"2. Involuntary—in the perpetration of or attempt to perpetrate any unlawful act, other than arson, rape, robbery, burglary, or mayhem; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection."

This definition was amended by Ch. 126 of the 1949 S.L., page 221, by adding thereto the following:

"or in the operation of a motor vehicle in a reckless, careless or negligent manner which produces death; or in the operation of any firearm or deadly weapon in a reckless, careless or negligent manner which produces death."

In 1953 S.L., ch. 273, Sec. 53, page 495, the Legislature passed the negligent homicide statute which reads as follows:

"(a) When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide. \* \* \*".

and by the same Act, Sec. 192, page 551, repealed all acts inconsistent with said chapter.

It thusly appears that where the death of a person ensues as a proximate cause of injury received by the driving of a motor vehicle in reckless disregard of the safety of others, such driver is guilty of negligent homicide. The negligent homicide statute above quoted covers the field formerly embraced in the definition of manslaughter due to the reckless operation of a motor vehicle. While the words used in the two statutes are not identical, they have the same meaning. The term in the manslaughter act "in a reckless, careless and negligent manner" has the same meaning as "reckless disregard of the safety of others" used in the negligent homicide act.

Both statutes above quoted relate to the same subject matter and the prescribed penalty of ten years imprisonment under the manslaughter act is in direct conflict with the penalty to be imposed under the negligent homicide act.

The negligent homicide statute was passed subsequent to the definition of manslaughter contained in Sec. 18–4006, I.C. as amended. The latter statute (negligent homicide statute) being the latest in point of time must control. A later statute prescribing a different punishment for the same offense amends the former statute by implication. State v. Teninty, 70 Idaho 1, 212 P.2d 412; United States v. Stafoff, D.C.

Mo., 268 F. 417. Further, the provisions of the 1953 Act, Ch. 273, Sec. 192, p. 551, specifically repeal all acts inconsistent with the negligent homicide statute.

Sec. 18–114, I.C. provides:

"In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence."

Criminal negligence within the statute providing that in every crime there must exist a union, or joint operation, of act and intent, or criminal negligence does not mean merely the failure to exercise ordinary care or that degree of care which an ordinarily prudent person would exercise under like circumstances, but means gross negligence amounting to a reckless disregard of consequences and of the rights of others. State v. Hintz, 61 Idaho 411, 102 P.2d 639; State v. McMahan, 57 Idaho 240, 65 P.2d 156, State v. Taylor, 59 Idaho 724, 87 P.2d 454, Syl. 12.

In the situation being here considered the appellant, in the operation of the motor vehicle which caused the death of Hill, was not operating it at the time and place of the death of Hill in a grossly negligent manner which amounted to a reckless disregard of consequences or the rights of others, or criminal negligence.

By instruction No. 14, the court instructed the jury that negligent homicide as defined by Sec. 53, Ch. 273, 1953 S.L., was included in the charge of manslaughter as filed. Such is not the law. Conduct which is covered by the negligent homicide statute can. no longer be classified under the common law definition of involuntary manslaughter or the definition contained in Sec. 18–4006, I.C., and conduct in the operation of a motor vehicle which formerly amounted to manslaughter prior to the passage of the negligent homicide statute, that is, causing the death of another in the operation of an automobile, is now covered and included in the definition of negligent homicide. State v. Biddle, 6 Terry 244, 45 Del. 244, 71 A.2d 273.

A reading of the transcript of evidence fails to disclose or warrant the conclusion that appellant at the time Hill was killed was driving the Cadillac car in reckless disregard of the safety of others, or that he was guilty of criminal negligence.

Appellant was confronted with an unforeseen, uncontemplated emergency, which had tragic and most unfortunate consequences. The most that can be said of his conduct is that he was guilty of ordinary negligence. Any other driver on the road might have been placed in a similar situation.

The evidence being insufficient to support a verdict of guilty of negligent homicide, such verdict and judgment of conviction cannot stand and should be set aside. State v. Snyder, 71 Idaho 454, 233 P.2d 802, 33 A.L.R.2d 358; State v. Bates, 63 Idaho 119, 117 P.2d 281; State v. Sullivan, 34 Idaho 68, 199 P. 647, 17 A.L.R. 902.

40

The trial judge instructed the jury that negligent homicide is an included offense covered by the manslaughter statute. The majority opinion holds that the manslaughter statute so far as it pertains to the operation of a motor vehicle which causes the death of a person has been repealed. Negligent homicide could not be an included lesser offense for a crime shown by the majority opinion not to exist. I am of the opinion that the verdict of guilty was rendered because of the dire and tragic consequences which ensued and not based on any substantial supporting evidence.

The judgment of conviction should be reversed and set aside, and the proceedings dismissed.