326 P.2d 998

The STATE of Idaho, Plaintiff-Respondent,

v.

Bernard H. AIMS, Defendant-Appellant.

No. 8584.

Supreme Court of Idaho.

June 20, 1958.

Harry Povey, E. L. Rayborn, Kramer & Walker, Twin Falls, for appellant.

Graydon W. Smith, Atty. Gen., Wm. B. Taylor, Asst. Atty. Gen., James M. Cunningham, Pros. Atty., Twin Falls, for respondent.

PORTER, Justice.

An information was filed against appellant in the District Court of Twin Falls County charging him with the crime of negligent homicide arising out of an automobile accident. Upon the trial of the cause no witnesses were called in defense. The jury returned a verdict of guilty, and a judgment of conviction was entered. Appellant moved for a new trial which motion was by the court denied. Appellant has appealed from the judgment of

conviction and from the order overruling the motion for new trial.

On the evening of April 5, 1957, appellant, with one Beulah Buckley as his guest, went by automobile from Twin Falls to a gambling resort located in Nevada on Highway 93 about 22 miles south of Rogerson, Idaho, and just across the border between the states of Idaho and Nevada. Appellant and guest spent most of the night at such resort and started back to Twin Falls early in the morning of April 6.

Somewhere between five o'clock and five-thirty o'clock a. m. on the morning of April 6, the witnesses Reuben Stohler and his wife were proceeding north on Highway 93 at a point about 13 miles south of Rogerson. It was still dark. The weather was cold and windy and the road was icy and slippery. There was some snow on the ground. Mr. Stohler and wife noticed the lights of an automobile overtaking them from the south. Mr. Stohler caught a glimpse in his rear-vision mirror of the approaching automobile going into the east borrow pit. He stopped his car and backed up four or five hundred feet to where the other car was standing in the borrow pit. Appellant and his companion were in such car. Mr. Stohler inquired if anyone were hurt and appellant replied in the negative. Mr. Stohler assisted appellant in getting the car out of the borrow pit. Appellant drove his car north for a short distance then turned around and drove south toward Nevada.

About six o'clock a. m. on the morning of April 6, Dr. L. E. Messman and his sons, Lynn Messman and Lonn Messman, were traveling north on Highway 93 at a point about one and one-half miles south of where the accident occurred. They observed a wrecked car headed south, parked on the west side of the highway. They stopped their car and Lonn Messman and Lynn Messman went to investigate the parked car. In it they found appellant and his companion. They called their father, Dr. L. E. Messman, who made an examination of appellant's companion, Beulah Buckley, and found her to be dead, estimating that she had been dead between thirty minutes and one hour, and that the cause of death was a broken neck. The Messmans laid the deceased woman down in the seat of the car, covered her up and took appellant to the Magic Valley Memorial Hospital in Twin Falls. Later the body of Beulah Buckley and the damaged automobile were removed by the authorities.

The statute under which appellant was prosecuted is Section 49–1101, I.C., and reads in part as follows:

"Negligent homicide.—(a) When the death of any person ensues within one year as a proximate result of

injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide."

The information in this case charges that appellant while operating an automobile "did wilfully and unlawfully drive, manage and operate said motor vehicle while under the influence of intoxicating liquor and at such an excessive rate of speed and in a reckless disregard of the safety of others so as to endanger persons and property."

Appellant does not challenge the form or sufficiency of the information but makes the contention that the state failed to prove the allegations contained in the information; and for that reason the trial court erred in refusing to grant a new trial.

■ Appellant first contends that the evidence was insufficient to show that at the time of the accident appellant was operating his automobile while under the influence of intoxicating liquor. The evidence shows that appellant had some drinks at the resort in Nevada. Appellant asked the witness Stohler not to report the accident as he, appellant, had taken a few drinks. When the witness, Lynn Messman, inquired of appellant at the parked automobile as to whether his companion was hurt, appellant replied that she was ok, she was just drunk like he was.. Both the witness, Lynn Messman and the witness, Lonn Messman testified that they smelled liquor on the breath of appellant. and as to appellant's abnormal condition.. Dr. L. E. Messman, after testifying as to appellant's symptoms, testified that appellant was drunk. At the Magic Valley Memorial Hospital appellant told Idaho State Patrolman, Howard Carr, that he,. appellant, had taken some drinks and was drunk. The evidence is sufficient to sustain a finding by the jury that appellant was driving his automobile at the time of the accident while under the influence of intoxicating liquor.

Appellant next contends that the evidence is insufficient to sustain a finding that he was driving his automobile at an excessive rate of speed. The evidence shows there were skid marks on the shoulder of the road for 24 feet and that appellant's automobile then went into the borrow pit, hit a boulder, turned completely over and landed on its wheels at a point 147 feet from where it entered the borrow pit. The car was badly damaged and much of the glass, including the windshield,. broken out. Taking into consideration the time of night of the accident, the icy and slippery roads, the weather conditions and the distance traveled by the car after it went into the borrow pit, the evidence is. sufficient to sustain a finding by the jury

that appellant was driving at an excessive rate of speed under the circumstances.

In determining whether appellant drove his automobile in reckless disregard of the safety of others, the jury was entitled to consider all the facts and circumstances surrounding the accident. These facts and circumstances are such that they will sustain findings by the jury that appellant was guilty of more than mere ordinary negligence, and that his actions were within the definition of "reckless disregard" as we have defined that term. State v. Davidson, 78 Idaho 553, 309 P.2d 211; State v. Gummerson, 79 Idaho 30, 310 P.2d 362.

■ Appellant's additional assignments of error are to the effect that the court erred in failing to grant the motion for a new trial on the ground of alleged inflammatory and prejudicial remarks of the Prosecuting Attorney. The remarks of the Prosecuting Attorney were not made a part of the record. Appellant attempted to get them before the court by stating the substance of said alleged inflammatory and prejudicial remarks in an affidavit signed by three attorneys for appellant. We have heretofore held that alleged inflammatory and prejudicial remarks by the prosecuting attorney will not be considered on appeal unless such argument is made a part of the record; and that a record silent as to the remarks cannot be corrected by affidavit on a motion for new trial containing the substance of such remarks. Hayward v. Yost, 72 Idaho 415, 242 P.2d 971; 32 A.L.R.2d 1064; State v. Johnson, 77 Idaho 1, 287 P.2d 425, 51 A.L.R.2d 1386.

The admission of evidence of intoxication and of excessive speed is not assigned as error. However, since the admission of such evidence has been urged by the dissenting Justice as ground for reversal, we deem it necessary to respond thereto.

■ Driving while under the influence of intoxicating liquor and driving at excessive speed are each criminal offenses. However, in a case such as this, they are components and elements of the offense of negligent homicide. They are, in a sense, the manner and means of the commission of the offense charged. The reckless disregard of the safety of others, as here charged, arises out of driving while under the influence of intoxicating liquor and at excessive speed. Evidence of those acts is admissible to prove the charge. State v. Brown, 36 Idaho 272, 211 P. 60; State v. Alvord, 46 Idaho 765, 271 P. 322; State v. Farnsworth, 51 Idaho 768, 10 P.2d 295; State v. Salhus, 68 Idaho 75, 189 P.2d 372; State v. Ayres, 70 Idaho 18, 211 P.2d 142; State v. Scott, 72 Idaho 202, 239 P.2d 258.

The offenses of driving while under the influence of intoxicating liquor, and at an excessive speed, are also inseparable offenses so linked to the offense charged in

**152**

time and circumstance that one cannot be shown without proving the others. State v. Driskill, 26 Idaho 738, 145 P. 1095; State v. Alvord, 46 Idaho 765, 271 P. 322; State v. Arnold, 52 Idaho 349, 15 P.2d 396; State v. Parris, 55 Idaho 506, 44 P.2d 1118.

▇ By his reply brief, appellant for the first time raises the question of the constitutionality of the negligent homicide statute. Since the filing of the original briefs this court has decided the case of State v. Pigge, Idaho, 322 P.2d 703,[1] wherein we held that the negligent driving statute was unconstitutional and void as indefinite and uncertain. Appellant takes the position that the negligent driving statute and the negligent homicide statute are parallel and subject to the same criticism. In this he is in error. The negligent driving statute contained no definite and certain description of what acts would constitute negligent driving. The negligent homicide statute definitely makes it a crime for the operator of an automobile to injure and cause the death of another by driving an automobile in reckless disregard of the safety of others. The criterion set out by the negligent homicide statute is whether the automobile was being operated in a manner which the law recognizes as reckless disregard of the safety of others. Similar statutes have been repeatedly held to be not unconstitutional on the ground of uncertainty. State v. Wojahn, 204 Or. 84, 282 P.2d 675; State v. Ashton, 175 Kan. 164, 262 P.2d 123; People v. Garman, 411 Ill. 279, 103 N.E.2d 636; State v. Beckman, 219 Ind. 176, 37 N.E.2d 531; Usary v. State, 172 Tenn. 305, 112 S.W.2d 7, 114 A.L.R. 1401; Annotation, 12 A.L.R. 2d 580. Section 49–1101, I.C. is not unconstitutional and void on the grounds of uncertainty and indefiniteness.

The judgment of conviction of appellant is affirmed.

TAYLOR, SMITH and McQUADE, JJ., concur.

KEETON, Chief Justice (dissenting).

The information on which appellant was tried charges that on or about April 6, 1957, on U. S. Highway 93, appellant wilfully and unlawfully drove, managed and operated an Oldsmobile sedan:

1. While under the influence of intoxicating liquor;

2. At an excessive rate of speed; and

3. In a reckless disregard of the safety of others so as to endanger persons and property,

resulting in said automobile turning completely over in the easterly borrow ditch

of said highway and in the death of one Beulah Buckley, a passenger in said vehicle.

The evidence established that appellant was during the early morning of April 6th, while it was dark, driving a motor vehicle from a Nevada resort on U. S. Highway 93, going in the direction of Twin Falls. Beulah Buckley was a guest passenger in the car. The car so being driven by said appellant skidded from the highway onto the shoulder, down and into a borrow pit, turned over, was badly damaged, and the said Beulah Buckley received injuries from which she died. An autopsy proved that deceased's death was the result of a fractured cervical vertebra, caused by acute flection of the head on the chest.

The road where the car left the improved portion of the highway was wet and slippery with some snow on the ground. The weather was windy and cold.

The State witnesses, Mr. and Mrs. Stohler, were driving at the time on the same highway, proceeding at 25 or 30 miles an hour ahead of appellant's car. Mrs. Stohler saw the car approaching from the rear and noticed it left the road approximately 500 ft. back of the Stohler car. They backed their car up and saw appellant's car right side up in the borrow pit. Appellant, with some direction from Mr. Stohler, drove his car back onto the highway, headed toward Twin Falls, turned the car around, and drove south in the direction of Nevada. State witness Stohler testified that the lady in the car was not dead when he observed the car in the borrow pit; that appellant, as far as the witness knew, was not under the influence of intoxicating liquor; that there was nothing to indicate that the car was being driven in a reckless manner, or speeding.

Jesse E. Carlton, Nevada Deputy Sheriff, a State witness, saw deceased and appellant in Nevada in the early morning hours of April 6th, and talked to them. He testified that appellant was not drunk; that he walked all right and there was nothing peculiar about his speech.

Another State witness, Wayne Williams, a truck driver, testified that he also saw appellant and Beulah Buckley at approximately four a. m., April 6th, at a resort in Nevada; that appellant was sober; that he left Nevada sober at approximately five a. m.

Approximately a mile from where appellant turned the car around and headed toward Nevada, he drove the car from the highway and parked. Other witnesses appeared at this place and on examination of the situation found Mrs. Buckley dead. All witnesses agreed that the morning was dark, the roadbed wet and slippery, with patches of snow and ice.

In determining the guilt or innocence of appellant, one must consider the statute under which the prosecution was conducted.

Sec. 49–520.1 I.C., Supp.; § 49–1101 I.C. This statute by its terms does not cover one driving while under the influence of intoxicating liquors, this being a separate and distinct offense, covered by another provision of the Code (Sec. 49–520.2 I.C., Supp.)

Driving while under the influence of intoxicating liquor is not a necessary element of negligent homicide. State v. Andrews, 108 Conn. 209, 142 A. 840; State v. Sisneros, 42 N.M. 500, 82 P.2d 274; People v. McGrath, 94 Cal.App. 520, 271 P. 549.

Negligent homicide, driving while under the influence of intoxicating liquor, reckless driving, speeding, or other traffic violations are all defined by the Code as separate and distinct offenses, and a violation of one does not necessarily violate another. 86 A.L.R. 1274.

Therefore, as I view it, the question presented is: Was. appellant at the time and place of the accident driving the automobile in reckless disregard of the safety of others?

"Reckless disregard" as used in Sec. 49–1101 I.C., has been defined in Mason v. Mootz, 73 Idaho 461, 253 P.2d 240, and in Turner v. Purdum, 77 Idaho 130, 289 P.2d 608, 611, as follows:

"The term 'reckless disregard' as used in said section means an act or conduct destitute of heed or concern for consequences; especially foolishly heedless of danger, headlong rash; wanton disregard, or conscious indifference to consequences."

See also, Loomis v. Church, 76 Idaho 87, 277 P.2d 561.

Respondent contends that the speed at which the car in question was being driven proves the reckless disregard of the safety of others.

There is no evidence showing the speed prior to, or at the time the car left the improved portion of the road. After the car left the improved part of the road and traveled down the slope, it went a distance of 171 ft. If the car were being driven at a speed of 40 miles per hour, the time that it would take to travel on the shoulder and down the slope until it stopped would be a little less than three seconds. If it were being driven 35 miles per hour, it would take a little more than four seconds. Neither of such speeds would prove reckless driving.

Driving a car at an excessive rate of speed, if it were so driven, and which the evidence does not prove, or if driven in excess of legal limits, is not of itself reckless driving within the statutory definition prohibiting reckless driving above quoted. Fake v. Macduff, 281 App.Div. 630, 121 N.Y.S.2d 346; People v. Devoe, 246 N.Y. 636, 159 N.E. 682; People v. Bearden, 290 N.Y. 478, 49 N.E.2d 785; People v. Nowell, 45 Cal.App.2d Supp. 811, 814, 114 P.2d 81;

People v. Grogan, 260 N.Y. 138, 183 N.E. 273, 86 A.L.R. 1266.

Speeding, or driving a motor vehicle at an excessive rate of speed is a separate offense. Sec. 49–524.1 I.C., Supp. To constitute reckless driving something more than speeding would have to be proved. People v. Sticht, Co.Ct., 139 N.Y.S.2d 667; State v. Licari, 132 Conn. 220, 43 A.2d 450; 52 A.L.R.2d 1367.

In considering the essential elements of reckless disregard of the safety of others, an accused's guilt or innocence must be considered with respect to the time when and the place where the alleged violation occurred.

Evidence of an accident and a resulting death is not sufficient to convict a person of negligent homicide. In other words, a mere occurrence of an accident which resulted in death would not warrant a conviction. People v. Whitby, City Ct., 44 N.Y.S.2d 76; People v. Sandner, 162 Misc. 41, 292 N.Y.S. 545; People v. Garo, 208 Misc. 496, 144 N.Y.S.2d 107; State v. Biering, 111 Mont. 237, 107 P.2d 876.

I find nothing in the record that would warrant the conclusion that appellant was driving the automobile at the time and place of the accident in a manner that was destitute of heed or concern for consequences; especially foolishly heedless of danger, headlong, rash; wanton disregard, or conscious indifference to consequences.

Sec. 18–114 I.C. provides:

"In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence."

Appellant may have been guilty of ordinary negligence. If so, this is not sufficient on which to base a conviction of the offense charged.

That Beulah Buckley died as a result of the accident is conceded, but this fact, without more, is insufficient to sustain the conviction.

The charge in the information that appellant was driving while under the influence of intoxicating liquors and at an excessive rate of speed should have been stricken. Such allegations are not pertinent to the charge and are not a part of the negligent homicide statute. Sec. 49–1101 I.C., Sec. 49–520.1 I.C., Supp.

I am of the opinion that the evidence, as a matter of law, fails to show that the car at the time and place of the accident was being operated with reckless disregard of the rights of others.

It is apparent from the transcript that the jury consider the consequences rather than the cause, and misconstrued and misinterpreted the evidence.

The judgment of conviction should be reversed with instructions to the trial judge to set the conviction aside and dismiss the action.