The People of the State of New York, Respondent,
against
Jerry Medard, Appellant.




New York City Legal Aid Society (Paul Wiener of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Nancy Fitzpatrick Talcott of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Ernest F. Hart, J.), rendered July 28, 2016. The judgment convicted defendant, upon his plea of guilty, of reckless driving.




ORDERED that the judgment of conviction is affirmed. 
Defendant was charged in an accusatory instrument with, among other offenses, reckless driving (Vehicle and Traffic Law § 1212), and he ultimately pleaded guilty to that charge in satisfaction of the accusatory instrument. The factual portion of the accusatory instrument alleged, among other things, that defendant, while operating a motor vehicle, had "swerved onto oncoming traffic" causing a police officer's vehicle "to swerve out of the way in order to avoid a collision" and, subsequently, the police officer had observed defendant "fail to stop at a stop sign."
On appeal, defendant contends that the accusatory instrument was jurisdictionally defective because it failed to allege conduct by defendant sufficient to support the charge of reckless driving. The People respond that the accusatory instrument was not defective with [*2]respect to the reckless driving charge because the accusatory instrument alleges that defendant both swerved into oncoming traffic and failed to stop at a stop sign, which conduct, considered cumulatively, rises to the level of reckless driving.
Since defendant did not waive prosecution by information, the facial sufficiency of the accusatory instrument must be reviewed according to the requirements of an information (see People v Kalin, 12 NY3d 225, 228 [2009]). In order for an information to be facially sufficient, it must allege nonhearsay allegations of fact of an evidentiary character (see CPL 100.15 [3]) that "establish, if true, every element of the offense charged and the defendant's commission thereof" (see CPL 100.40 [1] [c]). These requirements are jurisdictional (see Kalin, 12 NY3d 225; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]), and the failure to meet these requirements may be asserted at any time, with the exception of the requirement of nonhearsay allegations, which, insofar as is relevant to this appeal, is forfeited upon a guilty plea (see People v Keizer, 100 NY2d 114, 122 [2003]). The law does not require that the most precise words or phrases which most clearly express the thought be used in an information, but only that the offense be sufficiently alleged so that a defendant can prepare himself for trial, and so that he will not be tried again for the same offense (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 575 [2004]; Casey, 95 NY2d at 360).
Pursuant to Vehicle and Traffic Law § 1212, "Reckless driving shall mean driving or using any motor vehicle . . . in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway." Reckless driving "calls for evidence showing something more than mere negligence" (People v Grogan, 260 NY 138, 143 [1932]). The term reckless driving has been held to mean "the running or operation of an automobile under such circumstances as to show a reckless disregard of the consequences" (id. at 144; see People v Earley, 121 AD3d 1192, 1193 [2014]).
Here, the accusatory instrument alleged that defendant had crossed the middle line into oncoming traffic, causing the police officer's oncoming vehicle to swerve to avoid a collision, and that, subsequently, defendant had failed to stop at a stop sign. These allegations, taken together, sufficiently set forth facts demonstrating that defendant had unreasonably endangered users of the public highway (see Casey, 95 NY2d at 360; People v Goldblatt, 98 AD3d 817 [2012]; People v Lamphear, 35 AD2d 305 [1970]; People v Garo, 208 Misc 496 [Broom County Ct 1955]) in violation of Vehicle and Traffic Law § 1212, and, thus, the information sufficiently charged the offense of reckless driving.
Accordingly, the judgment of conviction is affirmed.
SIEGAL, J.P., PESCE and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019