E. Foster Piper, J.
Proceedings pursuant to article 78 of the Civil Practice Act for an order vacating the determination of the respondents denying petitioner’s application for a retail liquor license for premises at 278 "William Street, Buffalo, New York, and for an order directing the respondents to issue to the petitioner a license for the sale of liquor- at said premises.
. October 2, 1941, petitioner applied for a restaurant liquor license for premises at 278 William Street, Buffalo, N. Y., and tendered the license fee and bond. On November 6, 1941 petitioner received a letter from respondents that the license would be approved if the premises were equipped to operate as a restaurant in accordance with the provisions of the Alcoholic Beverage Control Law and that the premises must be ready for inspection prior to November 20 or the tentative approval would be void. Petitioner proceeded to make alterations and on or about November 14, 1941 received a further letter from respondents advising that information had been received that the premises were located within 200 feet of a church and that an investigation was being made concerning same. January 29, 1942, petitioner was advised by respondents that his application for the license had been disapproved on two grounds: 1. That the premises sought to be licensed are located within 200 feet of buildings which are used exclusively as a church or place of worship; 2. That petitioner made ■ a false material statement in his application in stating that his premises were not within 200 feet of a building occupied exclusively as a school, church, etc.
Thereafter petitioner applied to the Supreme Court for an order reviewing the action of the respondents. When the matter came on to be heard, it appeared that no hearing had been held before the respondents in connection with said application and the court was unable to determine as to whether or not petitioner’s premises were within 200 feet of a building used exclusively for church purposes. An order was made remitting the matter to respondents to hold a hearing and to take proof in connection with the question as to the distance from petitioner’s premises to the church property. That in accordance with said order, petitioner filed a new application and a hearing was held by respondents on April 27, 1942. May 27, 1942, petitioner received a notice from respondents disapproving the application for the following reasons: 1. That the premises are located on the same street and within 200 feet *533 of buildings located at 224 and 226 Cedar Street, Buffalo, New York, which are used exclusively as a church or place of worship, -etc.; and 2.: That the applicant made a false material statement in his application for a restaurant liquor license filed on October 2, 1941, in stating that the premises sought to be licensed were not within 200 feet of the nearest entrance to a building used exclusively as a church or place of worship.
This proceeding was brought by petition dated May 26, 1942. Respondents have determined that petitioner’s premises sought to be licensed are within 200 feet of a church.
Subdivision 7 of section 64 of the Alcoholic Beverage Control Law provides: “No retail license for on-premises consumption shall be granted for any premises which shall be on the same street or avenue and within two hundred feet of a building-occupied exclusively as a school, church, synagogue or other place of worship; the measurements to be taken in a straight line from the center of the nearest entrance of such school, church, synagogue or other place of worship to the center of the nearest entrance of the premises to be licensed ”.
It appears from the testimony and the exhibits that peti-. tioner’s premises prior to alterations had a side door fronting on Cedar Street; that the plans presented by petitioner for alterations included the closing of this doorway and that said doorway was closed prior to the second application made by petitioner. The only doorway or entrance to petitioner’s proposed place of business is now located on William Street; within 200 feet of the William Street entrance to petitioner’s premises is the entrance to the parsonage which is the property of the Pleasant Grove Evangelical Baptist Church. This property is used as the residence of the pastor of the church and his family and at times some church meetings and religious services are held in the parsonage. In my opinion, however, the parsonage, even though owned by the church, is not the kind of premises contemplated by subdivision 7 of section 64 of the Alcoholic Beverage Control Law as its main purpose is to house the pastor and his family and not to be used exclusively as a church or other place of worship. The church itself adjoins the property on which the parsonage is situated and the entrance thereof is more than 200 feet from the entrance to petitioner’s proposed place of business on William Street.
It is therefore my opinion that petitioner’s license should not have been refused by the respondents for the reasons stated by them.
Section 1296 of the Civil Practice Act states the questions which may be determined at Special Term and under what *534 circumstances the Special Term shall transfer the proceeding to the Appellate Division. Petitioner’s counsel argues that the proceeding was not brought under subdivisions 1 to 5 inclusive of section 1296 but insists that Special Term has jurisdiction for the reason that the hearing held before the respondents was not “pursuant to statutory direction”. It is true that the Alcoholic Beverage Control Law does not require the respondents to hold a hearing on an application for a liquor license. However, under subdivision 10 of section 17 of such law respondents are authorized to hold hearings. The statutory provisions in reference to applications for liquor licenses are found in sections 64 and 54 of the law and subdivision 1 of section 121 provides for a review of the Authority’s determination if the application is approved by the local board and disapproved by the Authority. I am of the opinion that any hearing held pursuant to authority granted by statute at which evidence was taken should be reviewed by the Appellate Division and that Special Term has no jurisdiction. I therefore determine that an order should be entered directing that the proceeding be transferred to the Appellate Division. In the event that the Appellate Division shall determine that the matter should have been decided at Special Term, I am of the opinion that the reasons given by the respondents for failure to issue a license are contrary to the facts as proved and that the license should have been issued by respondents.
Prepare and submit order accordingly.