In the Matter of the Accounting of THOMAS JEWETT, as Executor of MARY E. MILLER, Deceased, Respondent. CHARLOTTE W. HAM, Appellant.— Decree affirmed, without costs of this appeal to any party. All concur. (The decree judicially settles the accounts of an executor.) Present — Taylor, P. J., Larkin, Love, Vaughan and Kimball, JJ.

In the Matter of JOHN F. CARROLL, Petitioner, against CLARENCE HUCKLE, as Wayne County Clerk, Respondent.— Determination of the respondent, Clarence Huckle, Wayne County Clerk, annulled, with $50 costs and disbursements to petitioner, and proceeding remitted to said clerk to make findings of fact in support of whatever determination he may reach upon the evidence on each of the specifications set forth in the charges, with leave to petitioner to introduce further evidence upon another hearing, if another hearing be had. Memorandum: The determination of respondent that the charges preferred against petitioner have "in the main" been established, is meaningless, and wholly fails to advise the court what charges have been established and sustained. Such failure prevents intelligent judicial review. All concur. (Proceeding to annul the determination of the Wayne County Clerk in the dismissal of petitioner from his position as court clerk, and to restore him to his position.) Present — Taylor, P. J., Larkin, Love, Vaughan and Kimball, JJ.

In the Matter of the Accounting of WALTER G. ZIMMER, as Executor of HENRY J. ZIMMER, Deceased, Respondent. HILDA B. MOLONEY, Appellant.— Decree affirmed, without costs of this appeal to either party. All concur, except Larkin, J., who dissents and votes for reversal and for making new findings and awarding reasonable compensation to appellant out of the estate. (The decree disallows a claim against the estate.) Present — Taylor, P. J., Larkin, Love, Vaughan and Kimball, JJ.

AGNES KAMINSKI, Appellant, v. EDWARD KWASNIESKI, Respondent.— Judgment reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Memorandum: Upon the trial considerable emphasis was placed by the learned Judge of the Children's Court upon complainant's failure conclusively to show nonaccess. Under the circumstances, complainant's motion to have the case held until two o'clock in the afternoon to allow her to call her former husband as a witness, should have been granted. For the failure to grant such adjournment and for that reason only we reverse the order of dismissal. We do not mean to indicate, however, that after hearing the husband's testimony, and even if his testimony might show nonaccess, the learned Judge would necessarily be required to change his previous decision. All concur. (The judgment discharges defendant in a filiation proceeding.) Present — Taylor, P. J., Larkin, Love, Vaughan and Kimball, JJ.

In the Matter of the Estate of JAMES P. CORRIGAN, Deceased. HOWARD F. NEWLOVE, Appellant; Executors of JAMES P. CORRIGAN, Deceased, Respondents.— Decree affirmed, with costs. All concur, except Larkin and Vaughan, JJ., who dissent and vote for reversal and for allowance of the claim. (The decree dismisses a claim against decedent's estate.) Present — Taylor, P. J., Larkin, Love, Vaughan and Kimball, JJ.