In the Matter of Ross MOUDIS, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles, Respondent.

First Department, October 11, 1955.

*Melvin D. Freidel* for petitioner.

*Irving L. Rollins* of counsel (*Henry S. Manley* with him on the brief; *Jacob K. Javits, Attorney-General,* attorney), for respondent.

*Per Curiam.* It may be that petitioner was guilty of " gross negligence " in the operation of a motor vehicle, warranting the suspension of his driver's license under paragraph (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law, but

it is questionable whether such a finding could be made upon the record before the Commissioner of Motor Vehicles and now before this court, and certainly the "findings" made by the referee and adopted by the commissioner are inadequate to constitute or support a finding of gross negligence in the operation of a motor vehicle.

As we have decided that the determination made by respondent must be annulled and the matter should be remanded to him for a further hearing and determination upon proper findings, we will not undertake an analysis of the evidence at the prior hearing except to add *inter alia* that testimony as to injuries suffered by any person as a result of the accident together with the nature, location and extent of the damage to each auto involved in the accident should be set forth in the record. The insufficiency of the findings made requires a remand, a new hearing and new determination.

We have repeatedly stated that administrative agencies, in respect to determinations subject to judicial review, must make findings which are sufficient to inform the court and parties as to the findings made and the basis of the findings, in order that the court and parties may know what findings were made and whether the findings are supportable by the evidence.

The findings in the present case consist merely of a recital of certain testimony and evidence — a recital which is at variance with the evidence in many material respects — but there is nothing which constitutes findings of the determining facts. There is not even a finding of gross negligence but merely a concluding "disposition" of a suspension of petitioner's license.

Not only are the care and accuracy which should be expected or required in a referee's or hearing officer's report absent in this case, but there is also absent the foundation of findings and even findings themselves. The determination appealed from must be annulled and the matter remitted to the Commissioner of Motor Vehicles for a further hearing and proper determination, with costs to petitioner.

PECK, P. J., COHN, BREITEL, BASTOW and COX, JJ., concur.

Determination unanimously annulled, with $50 costs and disbursements to the petitioner, and the matter remitted to the Commissioner of Motor Vehicles for a further hearing and proper determination in accordance with the opinion herein.