In the Matter of RICHARD JACKSON et al., Petitioners, against THOMAS E. ROHAN et al., Constituting the State Liquor Authority, Respondents.

Fourth Department, December 29, 1955.

*Milton Rabow* for petitioners.

*Frederick A. Sperling* and *Arthur A. Klotz* for respondents.

*Per Curiam.* The licensees were charged with violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law, in that they suffered or permitted the licensed premises to become disorderly on or about March 18, 1955. Thereafter hearings were held before Frank J. Sellmayer, deputy commissioner. The hearing commissioner's " summary and findings " were signed by " F. J. Sellman, Hearing Commissioner." We are assuming that Mr. Sellmayer and Mr. Sellman are one and

the same person. The so-called " summary and findings " contain a recitation of part of the testimony of a police officer and that of the licensees. The recitation of testimony does not constitute findings of fact. The hearing commissioner stated he " credited " the testimony of the police officer that " in the presence of the co-licensee, Jefferson Davis, a person identified as Dorothy White offered to commit an act of prostitution." The only finding was: " I find that Dorothy White, while in conversation with Officer Strong offered to commit prostitution and that this conversation took place within the hearing range of the co-licensee, Jefferson Davis, who made no effort to interfere and stop such solicitation." There is no finding as to the person with whom said Dorothy White offered to commit prostitution; no finding as to where the alleged conversation took place nor any finding that said Jefferson Davis knew or became aware of the offer of prostitution at the time it was made. This being a sole and isolated incident so far as the record shows, it must be that the Liquor Authority were relying upon actual knowledge on the part of the licensee. (See *People ex rel. Price* v. *Sheffield Farms Co.,* 225 N. Y. 25; *Matter of Stanwood United* v. *O'Connell,* 283 App. Div. 79, affd. 306 N. Y. 749, and *Matter of Migliaccio* v. *O'Connell,* 307 N. Y. 566.) A finding that the alleged conversation took place " within the hearing range of the co-licensee " is not a finding of knowledge on the part of said colicensee.

The State Liquor Authority by order of August 19, 1955, revoked the license and padlocked the premises for twenty-four months. The revoking Authority found no facts at all. The order did not even adopt the meagre and insufficient findings of the hearing commissioner. It merely recites that the State Liquor Authority duly considered the proceedings and found that the licensees violated the section " in that they suffered or permitted the licensed premises to become disorderly on or about March 18, 1955." Until this court is made cognizant of what facts were found by the revoking Authority, it cannot decide whether the findings are sustained by the evidence. (*Matter of Elite Dairy Prods.* v. *Ten Eyck,* 271 N. Y. 488, 498.) It was recently said in *Matter of Moudis* v. *Macduff* (286 App. Div. 485, 486): " We have repeatedly stated that administrative agencies, in respect to determinations subject to judicial review, must make findings which are sufficient to inform the court and parties as to the findings made and the basis of the findings, in order that the court and the parties may know what findings were made and whether the findings are supportable

by the evidence.'' This court is in full accord with that statement and has so expressed itself on previous occasions.

The determination should be annulled and the matter remitted to the State Liquor Authority for a further hearing and proper determination.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Williams, JJ.

Determination annulled, without costs, and matter remitted for further hearing and proper determination.