Marchs G-. Christ, J.
In this proceeding brought pursuant to article 78 of the Civil Practice Act the petitioner seeks to review and have annulled a determination and order of the respondent, made after a statutory hearing, revoking the petitioner’s license to drive, or, in the alternative, for an order remanding this matter to the respondent for a new hearing.
A preliminary question is raised as to whether this proceeding must be transferred for determination by the Appellate Division pursuant to section 1296 of the Civil Practice Act. In paragraph 9A of the petition it clearly appears that the petitioner disclaims any reliance on subdivisions 6 and 7 of section 1296 of the Civil Practice Act. These subdivisions deal with the competency of proof necessary to authorize the making of the determination and the weight of such proof and if the petitioner relied on the matters covered by either of these subdivisions the court would be bound to transfer this matter to the Appellate Division for its disposition. The petitioner rests his case on subdivisions 5 and 5-a of section 1296 of the Civil Practice Act. It is his claim, in substance, that in making the determination certain rules of law affecting his rights were violated to his prejudice (subd. 5) and that the respondent abused his discretion in imposing the penalty involved in his determination (subd. 5-a). The court determines preliminarily *103 that this proceeding is properly before Special Term and that no transfer to the Appellate Division is required.
The petitioner’s claim in respect of the violation of rules of law to his prejudice in making the determination is without substance. The first rule claimed to have been violated is that the petitioner was not advised of his right to be represented by counsel. The petitioner fails to support this claim by reference to any authority, statutory or otherwise, requiring specific notice to him that he has the right to the aid of counsel. Both the notice which summoned the petitioner to the hearing as well as the statement made by the referee at the opening of the hearing clearly indicated to the petitioner that the purpose of the hearing was “ to determine whether any suspension or revocation of license and/or registration should be made ”. In the face of these warning statements the petitioner made no attempt to be represented by counsel and only raised the question after the determination by the respondent. The second violation of a rule of law which the petitioner relies upon is the claim that he was not given an opportunity to cross-examine the witnesses who testified. The record discloses that the testimony of the witnesses who testified adversely to the petitioner testified in his presence. There is no indication that the petitioner sought leave to cross-examine such witnesses. The record indicates that he simply failed to exercise his right to cross-examine.
The petitioner concedes that the record of the hearing contains competent proof of all the facts necessary to be proved to authorize the determination made. In view of this fact and the lack of substance to the other claims advanced by the petitioner the court cannot find that the respondent’s determination was unreasonably made nor that the punishment imposed was so severe as to constitute an abuse of discretion. The petition is therefore dismissed.
Settle order on notice.