G-. Robert Witmer, J.
Petitioner brings this proceeding under article 78 of the Civil Practice Act for an order annulling the determination of respondent Commissioner revoking peti *911 tioner’s operator’s license. It appears that after a hearing conducted by a Referee for the Department of Motor Vehicles respondent Commissioner revoked petitioner’s operator’s license under subdivision 3 (par. [e]) of section 71 of the Vehicle and Traffic Law, for gross negligence in the operation of a motor vehicle.
The record shows that petitioner was involved in an automobile accident on May 23, 1958 between 2 and 3 o’clock a.m. in which he claims he suffered a concussion, as a result of which he spent nine days in the hospital immediately thereafter. He further claims that he remembers little concerning the events of the evening. At the motor vehicle hearing plaintiff so testified and said that the accident occurred on a curve in the road, which had two lanes, and that the lights of an oncoming automobile blinded him and caused him to lose control of his automobile and hit a tree. He testified with some vagueness as to where he had been that evening and denied having had any intoxicant to drink. He also said he believed he was not exceeding 25 miles per hour immediately before the accident.
The only witness who testified against petitioner was a police officer who was called to investigate the accident. He said that when he got to the scene petitioner had left. He testified that petitioner’s automobile traveled 600 feet after first leaving the road before it came to rest, and that in this distance it hit a tree on each side of the road and came to a stop 175 to 200 feet beyond the second tree. He did not state how he knew where petitioner’s automobile first left the road, as a basis for his measurement, nor that he saw any tire marks leading up to the automobile. Apparently the Referee had pictures which he examined during the hearing but did not place in evidence. He purported to base a question on what was shown in the picture^, asking the officer if parts were broken off from petitioner’s automobile and deposited along the road near the trees which it had struck; and the officer said, “Yes.”
In addition, the officer testified that some unidentified witnesses told him that petitioner had been at a grill some miles away one-half hour to three quarters of an hour before the accident, that he had been driving 70 miles per hour before the accident, and that he failed to stop at a stop sign at an intersection a short distance back of the scene of the accident. No charge was nor is made against petitioner for failure to observe a stop sign.
There was no other evidence before the Referee; but at the conclusion of this hearing he advised petitioner that his license *912 was revoked; and shortly thereafter respondent Commissioner made it official.
Petitioner argues that the Referee who conducted the hearing violated subdivisions 4, 5 and 5-a of section 1296 of the Civil Practice Act, so that Special Term has jurisdiction of this proceeding and should annul the determination; and respondent does not oppose the contention of jurisdiction. There is some authority tending to support this position. (Matter of Wood v. Kelly, 9 Misc 2d 102.) In the cited case, however, it appears that petitioner expressly disclaimed reliance upon subdivisions 6 or 7 of section 1296 of the Civil Practice Act and rested his case on subdivisions 5 and 5-a of said section, as to which matters Special Term clearly has jurisdiction.
Subdivision 4 of section 1296 of the Civil Practice Act gives this court jurisdiction to determine “ Whether the authority conferred upon the respondent in relation to that subject matter has been pursued in the mode required by law in order to authorize him to make the determination.” Without doubt the Commissioner, by conducting the hearing through his Referee, undertook to pursue the performance of his duty with respect to petitioner’s license “ in the mode required by law to authorize him to make the determination.” The precise question presented on this argument is whether an error of law alone in the reception of evidence upon the hearing confers jurisdiction upon Special Term to review and annul the Commissioner’s determination. The Wood case (supra) holds that in related subdivisions 5 and 5-a, Special Term does have such jurisdiction; and in a proper case I agree therewith. But since hearings before referees may be less formal than court proceedings, the erroneous reception of some evidence would not be sufficient basis for annulling the Commissioner’s determination if there were other good and sufficient evidence to support it. (See Matter of Miller v. Kling, 291 N. Y. 65; Matter of Humphrey v. State Ins. Fund, 298 N. Y. 327.) Thus the question before the court in this case involves subdivisions 6 and 7 of section 1296 of the Civil Practice Act. as well as subdivisions 4 and 5 thereof, and I hold that in this case decision must be reached, in part at least, under subdivisions 6 and 7 of said section. Hence the petition herein may not be entertained by Special Term; and the proper procedure is to transfer it directly to the Appellate Division. (Matter of Fake v. Macduff, 281 App. Div. 630; see Matter of Jenson v. Fletcher, 277 App. Div. 454, affd. 303 N. Y. 639; Matter of Roda v. Kelly, 4 A D 2d 678; Matter of Kafka v. Fletcher, 272 App. Div. 364; Civ. Prac. Act, § 1296.)
*913 Since the proceeding was argued before me without apparent objection on behalf of respondent Commissioner, and since to me the ultimate disposition of the case is apparent, a quasi-legal determination by this court seems appropriate. In an attempt to avoid further expense to petitioner and further work by both sides, I shall follow the practice adopted by Piper, J., at Special Term in Matter of Mandelcorn v. Bruckman (18 Misc 2d 531, affd. 266 App. Div. 908, affd. 292 N. Y. 543) and dispose of the proceeding upon the merits upon condition that both parties approve of the order to be entered hereon; otherwise an order may be submitted transferring the matter to the Appellate Division for determination.
On the merits, we must start with the premise that where the Commissioner is required to hold a hearing it must be conducted in the manner of a fair trial. At the hearing in this case almost all of the evidence in support of the Referee’s decision upon which respondent Commissioner based his action, was hearsay and inadmissible. {Matter of Greenebaum v. Bingham, 201 N. Y. 343; Matter of Jenson v. Fletcher, 277 App. Div. 454, 456, affd. 303 N. Y. 639, supra; Matter of Kafka v. Fletcher, 272 App. Div. 364, supra; Matter of Yates v. Mulrooney, 245 App. Div. 146, 149; Matter of Goodwin v. Medley, 173 Misc. 169.)
In the Greenebaum case (201 N. Y. 343, 347, supra) the court said: “ While the hearing may be more or less informal, the trial must be fair in all substantial respects. Some latitude is allowed as to rules of evidence, methods of examination and the like, but no essential element of a fair trial can be dispensed with unless waived, and no vital safeguard violated without rendering the judgment of conviction subject to reversal upon review. A fair trial, according to existing practice, requires that the accused shall be confronted by the witnesses against him and given an opportunity to hear their statements under oath, and to cross-examine them to a reasonable extent. Hearsay evidence cannot be received; evidence cannot be taken in the absence of. the accused and the trier of the fact can find the fact only .on the evidence and not on his own knowledge.”
In the Yates case (245 App. Div. 146, 149, supra) in following the Greenebaum case {supra), the court added: “Hearsay testimony is barred in New York State; there must be substantial common-law evidence of probative character to sustain the finding of the Liquor Authority, or else its decision will be set aside by the court. The weight of the evidence is not for the court, but its presence is absolutely necessary. A finding *914 without some evidence of probative value would be arbitrary and baseless.”
The only evidence in the record not based upon hearsay was the officer’s testimony of what he concluded had happened to petitioner’s automobile just prior to the accident. There is no testimony of facts to support the conclusion, except the officer’s answer of “ Yes ” to a leading question by the Eeferee, which the Eeferee asked apparently while looking at the pictures purporting to show the scene of the accident. Since the pictures are not in evidence there is no basis for testing the question or the answer. The question was therefore improper and the answer of no validity. Petitioner had the right to have the pictures in evidence as a means of weighing said question and answer, just as he had the right to be confronted with accusing witnesses and to cross-examine them.
The mere fact of leaving the road and colliding with trees does not constitute the gross negligence charged. (Matter of Fake v. Macduff, 281 App. Div. 630, supra.)
For the foregoing reasons the determination of the Commissioner should be annulled, with the right to the Commissioner to conduct a new hearing, if he be so advised.
Submit order in accordance herewith.