In the Matter of GLORIA M. WINSPEAR, Petitioner, *v.* WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Erie County, May 17, 1962.

*Moot, Sprague, Marcy, Landy, Hurlbert & Fernbach (Richard F. Griffin* of counsel), for petitioner. *Louis J. Lefkowitz, Attorney-General (Alfred B. Silverman* of counsel), for respondent.

WILLIAM B. LAWLESS, J. This is an article 78 proceeding brought by the petitioner to annul the determination of the respondent in suspending petitioner's driver's license for 30 days and for a stay of the execution of such suspension order until this matter has been finally determined.

On December 17, 1961, the petitioner was operating an automobile owned by her husband who was a passenger in the vehicle at the time. While operating the said vehicle at about 2:25 A.M., on the date mentioned, the petitioner was involved in an accident which resulted in the death of her husband.

Subsequently and on March 22, 1962, pursuant to section 510 of the Vehicle and Traffic Law, the motor vehicle hearing was held to investigate the said accident. At the hearing, the testimony of the petitioner was taken as well as the testimony of two driver-witnesses to the accident and also the testimony of the investigating police officer. As a result of the hearing, the Referee found that the petitioner operated the motor vehicle in a grossly negligent manner and with a reckless disregard for the life or property of others and the suspension order followed.

The answer and return of respondent raises issues under subdivisions 6 and 7 of section 1296 of the Civil Practice Act, which require the matter to be referred to the Appellate Division of the Supreme Court, Fourth Judicial Department, for disposition. However, the respondent's answer and return contains certain exhibits and the petitioner has moved to strike the items from the answer as not properly being a part of the record of the proceedings herein. The only question before this court, therefore, is whether these certain exhibits contained in the answer of the respondent may be submitted with the record to the Appellate Division for their review. The specific exhibits which the petitioner seeks to have stricken are as follows:

Exhibit No. 2 purporting to be a certified photostatic copy of an accident report of one Theodore Anderson; Exhibit No. 3

purporting to be a certified photostatic copy of an accident report by police investigator; Exhibit No. 4 purporting to be a certified photostatic copy of an accident report of Buffalo Police Department; Exhibit No. 5 purporting to be a certified photostatic copy of supplementary accident report of Theodore Anderson; Exhibit No. 6 purporting to be a certified photostatic copy of the report of the Medical Examiner.

The petitioner objects to the inclusion of such exhibits in the answer on the grounds that they were not marked in evidence, identified, referred to or in any way used upon the hearing which resulted in the suspension of the petitioner's driver's license. The respondent does not deny that such exhibits were not introduced in evidence or made a part of the record upon the hearing before the Referee. Respondent asserts that section 1291 of the Civil Practice Act authorized the submission of these exhibits. Section 1291 provides that the respondent with his answer may submit affidavits or other written proof showing such evidentiary facts as shall entitle him to a trial of any issue of fact.

We conclude that the contention of the petitioner is correct. The only question to be determined by the Appellate Division is whether there was competent or sufficient evidence presented to the Commissioner of Motor Vehicles to sustain his determination, to wit: that the petitioner operated a motor vehicle in a grossly negligent manner with a reckless disregard for the life or property of others. It is well settled that the Commissioner in making a determination upon a hearing may not consider exhibits or other matters which have not been offered in evidence. This is especially true of statements offered in evidence where persons interested in the hearing have no opportunity to examine the makers of the statements. (*Matter of Stella* v. *Macduff,* 281 App. Div. 800; *Matter of Jenson* v. *Fletcher,* 277 App. Div. 454; *Matter of Beebe* v. *Kelly,* 18 Misc 2d 910.) The same rules which apply to the hearing Referee in the first instance should apply to any court before whom a review of such determination is requested. Section 1291 of the Civil Practice Act was not intended to make a record for the respondent where none existed. If the Referee wishes to complete his record, he apparently has the authority to summon the parties for another hearing. (*Matter of Beebe* v. *Kelly, supra.*)

Exhibits No. 2 through No. 6 (inclusive) of respondent's answer should be stricken, and the record thereafter transferred to the Appellate Division, Fourth Department, for disposition.