■ In the Matter of A. J. PASCH, as Chairman of ATLANTIC & GULF PANAMA CANAL ZONE, And Others, Known Collectively as ASSOCIATED LATIN-

AMERICAN FREIGHT CONFERENCES, Petitioner, v. LAWRENCE E. GEROSA, as Comptroller of the City of New York, et al., Respondents.— Determination unanimously annulled, without costs, and proceeding remanded to the respondent Comptroller to make findings in support of his decision. Petitioner alleges it is not an entity carrying on a commercial activity for gain within section 24-a of the General City Law, and hence not liable to the City of New York for gross receipts taxes from 1948 to 1959. After a statutory hearing before the Comptroller's hearing officer occupying some 170 pages in the record and involving consideration of approximately 60 exhibits, the Comptroller made a decision that petitioner was liable for gross receipts taxes during the period in dispute. There were no findings whatever; the "final determination" merely announced the result, i.e., that the tax was due. Whether this petitioner's activities come within the area of tax liability depends on an evaluation of an involved and interrelated series of facts and activities, many of which are reasonably open to different judgments. One of the essential issues, for example, is whether the gain which petitioner made from some of its activities, serving parties outside its membership, in relation to the services given to and contributions made by its constituent members is fairly to be treated as of sufficient magnitude to rule that it is carrying on a commercial activity "for gain". Resolution of several significant fact issues is required to support any adequate judicial review. Nothing has been resolved by the record before us except the naked conclusion of the Comptroller that petitioner is liable for the tax. "We have repeatedly stated that administrative agencies, in respect to determinations subject to judicial review, must make findings which are sufficient to inform the court and parties as to the findings made and the basis of the findings, in order that the court and parties may know what findings were made and whether the findings are supportable by the evidence." (*Matter of Moudis* v. *Macduff*, 286 App. Div. 485, 486 [1st Dept., 1955].) See, generally, on the subject of the necessity for findings to support intelligent judicial review *Matter of New York Water Serv. Corp.* v. *Water Power & Control Comm.* (283 N. Y. 23); *Matter of New York State Guernsey Breeding Co-op.* v. *Noyes* (284 N. Y. 197); *Matter of Elite Dairy Prods.* v. *Ten Eyck* (271 N. Y. 488); *Matter of Jackson* v. *Rohan* (1 A D 2d 89); *Matter of Gilbert* v. *Stevens* (284 App. Div. 1016); *Matter of Carroll* v. *Huckle* (274 App. Div. 1024). Concur — McNally, J. P., Stevens, Eager, Steuer and Bergan, JJ.