## (October 19, 1964)

In the Matter of ADOLPH ENGLERT, Doing Business as ENGLERT MOTOR SALES, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent.

HAMM, J. This is a review of a decision of the Commissioner of Motor Vehicles under which, after hearing, the petitioner's motor vehicle dealer's certificate and registrations were suspended for 20 days on the ground that he had issued an improper classification on a certificate of sale (form MV 50) of a motor vehicle. The report of hearing states that the petitioner classified the vehicle " as new when in fact the vehicle had been driven at least 1300 miles prior to that sale." There were no other factual findings.

The notice of hearing insofar as pertinent to the finding stated the subject of the investigation to be

" 1. Violation of Section 415-9D of the Vehicle and Traffic Law in that it is alleged that the dealer has failed to comply with the rules and regulations as set forth by the Commissioner for the enforcement of this article or with any provisions of the chapter applicable thereto:

" a. Regulation 78.10 (d-1) Improper classification on MV 50 #C-1839848 used to transfer a 1963 Studebaker, 4-dr., to Michael J. Cuzdey, on 7/5/63. Said vehicle is classified as 'New' however, vehicle was driven approximately 5,000 miles prior to sale."

The law here involved is dependent on two regulations of the Motor Vehicle Commissioner: Regulation 78.10 (subd. [d], par. [1]) and 78.2 (subds. [a], [b], [c]) (15 NYCRR 78.10, 78.2) the applicable portions of which are:

" 78.10 Certificates of sales.
" * * *

" (d) *When a certificate of sale is used.* (1) Certificates of sale shall be issued only if the vehicle is owned or controlled by the dealer. Form MV 50 (certificate of sale) must be used to transfer ownership of all vehicles owned or controlled by the dealer. It will be the responsibility of the retail dealer to classify each vehicle, except a 'wholesale' or 'junk' vehicle, as a new *vehicle, demonstrator* or *used vehicle,* and place the proper classification on the line provided at the top of this form.

" 78.2 Definitions. The following words and phrases when used in these regulations shall have the meanings ascribed to them in this section.

" (a) *New vehicle.* A vehicle sold or transferred by a manufacturer, distributor, or dealer, and which has not been placed in consumer use or used as a demonstrator.

" (b) *Demonstrator.* A vehicle which has not been placed in consumer use but which has been used primarily for the purpose of demonstration by a manufacturer, distributor or dealer.

" (c) *Used vehicle.* Any vehicle not included in the definitions of a new vehicle or demonstrator."

Concededly the car was driven from the factory in Indiana to a distribution point in New Jersey and thence to the dealer's place of business at Cohoes, New York. The petitioner contends that an odometer reading resulting from transportation by driving rather than shipping did not remove the car from classification under the regulations as a new car. He contends also that after receipt by the dealer subsequent use of the car by the dealer other than use as a demonstrator did not make the car a used vehicle under the definitions. He contends that " consumer use " is confined under the definitions to use by a purchaser after a completed purchase. He says the evidence shows that the car had never been used " primarily for the purpose of demonstration " nor used as a demonstrator at all. It is unnecessary to continue further with reference to other issues raised as it is obvious that a finding of fact which does no more than state a distance travelled of at least 1,300 miles is insufficient for adequate review of the determination complained of. We have previously had occasion to make the general statement: " Findings of fact which show the actual grounds of a decision are necessary for an intelligent judicial review of a quasi-judicial or administrative determination." (*Matter of Gilbert* v. *Stevens,* 284 App. Div. 1016.)

Determination annulled, with $75 costs.

Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.