Daniel E. Macken, J.
Petitioner, the driver of an automobile, was involved in a collision with another automobile on November 18, 1966 on Fairport Road in the County of Monroe. Following the collision he was arrested on a charge of driving while intoxicated. March 27, 1968, he was convicted of violating subdivision 1 of section 1192 of the Vehicle and Traffic Law for driving while his ability was impaired by alcohol, and thereafter his licenses were suspended for 60 days under the mandatory provisions of paragraph (e) of subdivision 2 of section 510 of the Vehicle and Traffic Law. After the occurrence of the accident, following a hearing before a Referee held July 31, 1967, his operator’s license was suspended for 60 days pursuant to paragraph (e) of subdivision 3 of section 510 for gross negligence in the operation of a motor vehicle. The latter suspension was permissive.
Petitioner contends that both suspensions were for the same offense, citing Matter of Coniber v. Hults (15 A D 2d 252). Following the hearing the Referee found ‘ ‘ that Barnes was grossly negligent in the operation of his motor vehicle in having *550 grossly negligent in the operation of his motor vehicle in having imbibed of a considerable amount of alcohol prior to the accident and failed to see a vehicle which had backed out of the drive and had already moved forward about 15 feet and which was directly in his path”. The respondent contends that Comber has no application to a mandatory suspension and further that the Referee’s finding of gross negligence is sufficiently supported by his finding that petitioner failed to see the other vehicle, entirely aside from the matter of drinking. If the latter be so, petitioner’s claim is without merit.
At my request, the parties have submitted to me the testimony taken at the hearing July 31, 1967, and have consented that it be made part of the record of this proceeding. From a review of the record, it appears that on a dark rainy night the other driver backed her automobile from a driveway at the south side of the Fairport Road into the lane in which petitioner was driving east. She testified that she backed out and had proceeded easterly about a car length when she was struck in the rear. Although she testified that before starting to back, and again immediately before entering the highway, she had looked to the west, she at no time saw the petitioner’s car approaching. .She testified that she could see down the road “ quite a bit ” and the Referee found that petitioner’s car was lighted. The investigating police officer testified that from his observation of the location of the debris in front of the driveway “.she [the other driver] had just pulled out and the accident occurred ’ ’. The police officer gave the hearsay testimony that a witness to the accident had told the officer that petitioner had passed him at a high rate of speed a short distance before the accident. The officer was also permitted to testify that petitioner’s blood test showed .21% of alcohol.
Aside from the evidence as to drinking and intoxication and the improper hearsay testimony as to the alleged witness’ statement (Matter of Beebe v. Kelly, 18 Misc 2d 910), the only evidence before the Referee was that petitioner while driving at the speed limit of 40 miles an hour on a rainy night, had failed to see the other car back out of the driveway in front of him. While this might warrant a finding of ordinary negligence on the petitioner’s part, I do not believe it was sufficient to support a finding of gross negligence. (Cf. Matter of Pask v. Hults, 30 A D 2d 96; Matter of Ferguson, v. Kelly, 11 A D 2d 846.) Significantly, and I think properly, the Referee made no finding of gross negligence on the part of the other driver despite her, if anything, less excusable failure to see petitioner’s car before undertaking to back out of the driveway.
*551 It is apparent to me that the permissive suspension following the hearing could he based only on a finding by the Referee that petitioner’s ability to drive was impaired by the consumptiqn of alcohol. By the provisions of paragraph (a) of subdivision 3 of section 510 of the Vehicle and Traffic Law, there may not be a permissive suspension for violation of section 1192, and when read with paragraph (b) of subdivision 2 of section 510, it is apparent that absent a conviction under section 1192, there may be no suspension or revocation on the sole ground that a driver had been drinking. (See, also, § 510, subd. 6.)
While the petitioner sought no review of the Commissioner’s first suspension, in my view of the record he is now faced with a total suspension of 120 days for commission of an offense for which the statute mandates a suspension of but 60 days. (§ 510, subd. 2.) “It is the policy of the law of this State to impose a single punishment for a single act.” (People v. Hyde, 3 A D 2d 854.) It seems to me that petitioner having by order of the Commissioner already paid the statutory penalty for his offense, the determination here being reviewed should be annulled.
Petitioner is entitled to judgment without costs vacating and annulling respondent’s determination dated May 14, 1968.