James H. O’Connor, J.
The petitioner brings this proceeding pursuant to article 78 of the CPLR to set aside, annul and make void an order of suspension of the Department of Motor Vehicles which suspended the petitioner’s operator’s license for a period of 30 days due to his violation of subdivision (d) of section 1111 of the Vehicle and Traffic Law (passing a red traffic light) which resulted in an accident.
It is the petitioner’s claim that he received a notice of hearing from the respondent scheduling a hearing in the City of Syracuse, New York, on April 4,1968 to investigate an accident which occurred on March 10,1967 in the County of Onondaga, State of New York. This hearing was held before Hearing Officer Max *22 Goldman and the petitioner appeared together with his attorney. The driver of the other vehicle involved in the accident appeared by his attorney who indicated that the other driver would not attend the hearing since he resides in Wappingers Falls, New York. Testimony was taken of the petitioner and findings were made by the Hearing Officer, Mr. Goldman, which in essence are a summary of the facts testified to by the petitioner. No finding of fact was made by the Hearing Officer concerning the condition of the traffic control device which controlled the intersection. The case was continued for further hearing at a city near Wappingers Falls, New York, so that the other driver could appear and testify.
The adjourned hearing was held on May 13, 1968 in Poughkeepsie, New York, before Mr. S. Berke, Hearing Officer. The other driver was present together with a different attorney representing his interests. Findings were made by Mr. Berke, among which was the following statement: ‘ ‘ The intersection is controlled by a traffic signal but I find that the traffic signal was green for Walnut Ave. traffic and red for Erie Boulevard.” Notice of the rescheduled hearing had been provided to the petitioner but he chose not to travel the 150 miles from Syracuse, New York, where he resides, to the place of the adjourned hearing. No other witnesses testified.
The petitioner’s operator’s license was suspended for 30 days for violation of subdivision (d) of section 1111 of the Vehicle and Traffic Law. The case was marked closed a° to the other driver.
A suspension order dated June 3, 1968 was received by the petitioner and he in fact complied therewith.
It is the petitioner’s contention chat the penalty imposed was excessive since the petitioner had no other violations nor had he been involved in any other motor vehicle accidents. He further contends that the respondent failed to include findings of facts and conclusions of law sufficient to support the suspension order.
CPLR 7803, xead in conjunction with subdivision (g) of CPLR 7804, indicates that a review of the determintaion made as a result of a hearing held at which evidence was taken pursuant to direction by law should be transferred to the Appellate Division for determination.
Here however the question is raised concerning the proper procedure to follow in the conduct of a hearing. Petitioner claims in substance that in making the determination certain rules of law affecting his rights were violated in that proper *23 findings of fact and conclusions of law were not stated as required.
It is this court’s opinion that this matter need not be transferred to the Appellate Division since the court must limit its view on this application to the issue of whether or not the petitioner’s rights were violated by the procedure used here.
It is clear that administrative agencies must make findings based on a hearing which are sufficient to inform the court and parties as to the findings made and the basis of the findings in order that the court and the parties may know what findings were made and whether the findings are supportable by the evidence. (Matter of Moudis v. Macduff, 286 App. Div. 485. See, also, Matter of Kaye’s Auto Exch. v. Hults, 28 A D 2d 779.)
In the instant case there were no findings made by the Hearing Officer Groldman except a recitation of certain testimony and evidence, which type of recital was held to be insufficient in the Matter of Moudis v. Macduff (supra). The findings of the Hearing Officer Berke do not indicate that they were based on the record but merely based on the testimony of the other driver. Certainly a determination of these facts must rest exclusively on the credibility of the witnesses. It has been held that the findings of the Hearing Officer involving primarily questions of credibility are entitled to considerable weight. (Matter of Rochdale Mall Wines & Liqs. v. State Liq. Auth., 29 A D 2d 647.) It is difficult for this court to understand how Hearing Officer Berke could make the determination and findings of fact without hearing testimony of the petitioner, or having a certified transcript of the minutes wherein the prior Hearing Officer made findings of fact as to the condition of the traffic light.
As was indicated in the case of Matter of Beebe v. Kelly (18 Misc 2d 910, 912) a motor vehicle hearing may be more or less informal but it must be fair in all substantial respects.
Therefore, it is the decision of this court that the order of suspension dated June 3, 1968 be cancelled and set aside and that the matter be remitted to the Commissioner of Motor Vehicles for further hearing if he so desires. Submit order.