OPINION OF THE COURT
Michael D. Stallman, J.
In this CPLR article 78 proceeding, petitioner seeks to annul *503 two separate decisions made by State Administrative Law Judges which were both subsequently affirmed by the Appeals Board of the Department of Motor Vehicles.
On March 2, 1999, Officer Young issued summons number 4023553/89 to petitioner charging him with violating Vehicle and Traffic Law § 1160 (a) by making an improper right turn at the intersection of 57th Street and Seventh Avenue in New York City.
At the July 29, 1999 hearing before Administrative Law Judge (ALJ) Kornhauser, Officer Young testified that while positioned on the eastern curb of Seventh Avenue and 57th Street, he saw petitioner’s taxicab traveling east on 57th Street in the third lane from the southern curb. He further testified that when petitioner entered the intersection with Seventh Avenue, petitioner made a right turn onto Seventh Avenue from the third lane. Consequently, Officer Young stated that he pulled petitioner over and issued the first summons to him.
Petitioner then testified that he was not in the third lane but in the second lane and that Officer Young had waved petitioner over to make the right turn; petitioner submitted a diagram showing the path of travel he testified to and entered this into evidence. ALJ Kornhauser found petitioner guilty and imposed a fine of $40 and a $25 surcharge.
On July 31, 1999, petitioner filed an appeal from ALJ Kornhauser’s determination and the penalty. Upon review of the record and the arguments set forth by petitioner, the Appeals Board found that the record contained sufficient evidence to support ALJ Kornhauser’s findings and, thus, upheld her determination.
On June 10, 1999, Officer Farmer issued summons number 400154872-0 to petitioner charging him with violating Vehicle and Traffic Law § 1102 for failing to comply with the order of an officer at the intersection of 50th Street and Broadway in New York City.
At that hearing, held on September 1,1999 before ALJ Robert Carey, Officer Farmer testified that she was positioned at the intersection of Broadway and 50th Street to prevent spill back and to expedite traffic. She further testified she had raised her white-gloved hand when the traffic light turned green to stop all traffic going southbound and that all other motorists complied with her order except petitioner who “continued to go, almost running [her] over.” Moreover, as there was traffic *504 backing up and there was nowhere for petitioner to go, she put her hand up to stop him.
Petitioner moved to dismiss the second summons because it cited “Traffic Rules” § 1102, instead of Vehicle and Traffic Law § 1102. Petitioner testified that he did not understand that Officer Farmer was motioning for him to stop. ALJ Carey determined that petitioner had violated Vehicle and Traffic Law § 1102 and imposed a fine of $40 and a $25 surcharge.
On September 2, 1999, petitioner .filed an appeal from ALJ Carey’s determination and the penalty. Upon review of the record and the arguments set forth by petitioner, the Appeals Board found that the record contained sufficient evidence to support ALJ Carey’s finding and, thus, upheld ALJ Carey’s determination.
Petitioner’s contention that each ALJ failed to set forth the determining facts in support of his/her determinations at each hearing is without merit.
Petitioner relies on an unreported decision, Choi v DMV (Sup Ct, NY County 1998, index No. 116795/98). In Choi, the court never used the phrase “determining facts” when discussing the level of detail that was needed in ALJ findings. The court only stated that “it was incumbent on the department to ‘make findings which are sufficient to inform the court and parties as to the findings made and the basis of the findings, in order that the Court * * * may know what findings were made and whether the findings are supportable by the evidence.’ ” (Quoting Pasch v Gerosa, 18 AD2d 982, 983.)
Moreover, the cases relied upon by the court in Choi (Matter of Pasch v Gerosa, supra, at 983, quoting Matter of Moudis v MacDuff, 286 App Div 485; Matter of Kaye’s Auto Exch. v Hults, 28 AD2d 779; Matter of Englert v Hults, 22 AD2d 712) were decided before the creation of the Department of Motor Vehicles Administrative Adjudication Bureau (DMVAAB) and therefore could not have been meant to specifically apply to the DMVAAB. The DMVAAB was created by the legislative enaction of Vehicle and Traffic Law article 2A in 1969, which specifically authorizes the Commissioner to establish procedures for AAB hearings. (Vehicle and Traffic Law § 225 [3].)
The Commissioner’s regulations state that after the parties at a DMVAAB hearing have made their closing statements, the Referee will then consider all of the evidence in the record and announce whether or not the charge has been sustained by clear and convincing evidence. (15 NYCRR 124.4 [d].) There is *505 no requirement in the Commissioner’s regulations that an ALJ make specific factual findings.
Finally, the Commissioner’s regulations provide that the police officer shall complete the appropriate portions of the complaint including “violation description” (see, 15 NYCRR 122.4 [a]); however, “any variation from this procedure shall not affect the validity of any summons or complaint unless such variation results in a denial of due process.” (Id.)
Here, the court finds that petitioner was not denied due process because: (1) the second summons specified section 1102; (2) under “description of traffic infraction” on the summons, Officer Farmer wrote “failure to comply;” and (3) petitioner had done legal research well in advance of the hearing indicating that he was not confused as to the nature of the charge. Therefore, the fact that Officer Farmer checked the small box labeled “Traffic Rules” rather than the box labeled “VTL” was not grounds for dismissal. The charge was properly considered as a Vehicle and Traffic Law offense, with the correct section and subdivision clearly indicated on the summons and entered as such upon conviction. Indeed, it is clear that petitioner clearly understood the nature of the charge, and thus cannot, after receiving an unfavorable result, belatedly assert lack of notice.
In the case at bar, ALJs Carey and Kornhauser specifically stated that they had considered the testimony of both parties in addition to petitioner’s evidence in reaching their determinations, and stated that they found the petitioner guilty in each instance. Implicitly, each ALJ considered credibility and disbelieved petitioner. No specific credibility finding is required. It is well established that an Administrative Law Judge is in the best position to determine the credibility of witnesses, and such determinations should not be reversed in an article 78 proceeding. (Matter of Berenhaus v Ward, 70 NY2d 436.)
Accordingly, since ALJ Kornhauser’s and ALJ Carey’s determinations were neither arbitrary nor capricious, or contrary to law, or an abuse of discretion, but were made in accordance with the applicable laws of this State, it is ordered and adjudged that the petition is denied and the proceeding is dismissed.